FERDINAND DE LEON, Appellant, vs. RICHARD OWEN, Appellee— Appeal from Victoria County.

When the transcript of a record has been filed with the clerk of this court, but not within the time prescribed by law, the judgment of the court below will be affirmed, on the motion of the appellee or defendant in error, without reference to the merits of the cause, unless good cause be shown why the transcript was not filed in due time.

*Legislative* rules are inflexible; and, when explicit and clearly understood, they must be enforced, without regard to the individual injury that may result. Rules established by *the court* may be modified so as to prevent any particular hardship or serious injury.

J. W. ALLEN for appellant.

CUNNINGHAM for appellee.

Mr. Justice LIPSCOMB delivered the opinion of the court, Mr. Justice WHEELER dissenting.

In this case, the record was filed and the cause docketed on the 10th of January of this term.

The appellee, by his counsel, now moves to affirm the judgment, on the ground that it was not filed within the three first days of the term. The first part of the 4th section of an act amending the 22d section of an act to organize the supreme court, which amendatory act was passed at the last session of the legislature, authorizes this court, at its discretion, or on

motion of the appellee or defendant in error, if the record has not been filed within the three first days of the term, unless good cause is shown why the transcript was not filed in due time, to affirm the judgment against the appellant or plaintiff in error, as the case may be, and the securities in the appeal or writ of error bond, which shall be done without reference to the merits of the cause, contained in the copy of the record.

This provision of the section presupposes that the record is filed, but not in *due time;* and the motion for an affirmance is founded on the fact that it has not been in *due time.* This motion can be made at any time after the three first days of the term. The second part of the amended section authorizes the defendant in appeal, or writ of error, after the thirtieth day of the term, to file the record, if it has not been filed, and ask an affirmance.

These legislative rules are certainly very stringent, but there is no ambiguity in them; the most liberal provision, and, indeed, the only one that seems to allow any discretion, is, that the record, if filed within thirty days, can be sustained on the docket, if cause sufficient, in the opinion of the court, is shown why it was not filed in *due time.* Legislative rules are inflexible; and, when explicit and clearly understood, they must be enforced, without regard to the individual injury that may be the result. If these rules were established by the court to secure the dispatch of business and promote the ends of justice, the court would be competent so to modify them as to prevent any particular hardship or serious injury.

But to apply the above exposition of the law to the case before us, the motion must be sustained, unless the appellant has shown sufficient cause for the delay in not filing the record in due time.

The showing is, that about the 18th of December the record was mailed at Victoria, addressed to the clerk of the court, without the postage being paid; that the clerk had been delayed in the court below in preparing the record, for want of suitable paper.

Now, a person using ordinary prudence in relation to his

business would not have depended on the mail; and if its uniform regularity would have justified his using that conveyance, he surely would have paid the postage.

The showing is not sufficient; the motion must prevail.

Mr. Justice WHEELER dissenting.

The record in this case was filed *at the instance of the appellant by order of court*, and upon a statement and certificate of the clerk of the court from which the appeal was taken, accounting for the delay in not having sent up the transcript at an earlier day.

The appellee now moves an affirmance of the judgment, without reference to the merits, under the provision of the act of 1848, on the ground that the record was not filed within the time prescribed.

I am of opinion that the motion ought not to prevail; because, 1st. The delay is, I think, sufficiently accounted for (and it was so adjudged on the motion to docket the cause), in the fact that the clerk failed to make out and furnish the transcript to the appellant, when requested to do so, in due time. But for this failure of the clerk to perform his duty, it is but reasonable to suppose the appellant would have brought up the record within the time prescribed. The omission of the clerk in this respect is, I think, a sufficient excuse for the appellant; who ought not, it seems to me, to be prejudiced by an ineffectual attempt to supply the omission by subsequently forwarding the record by mail, or to suffer for the wrongful acts of others over whom he had no control. 2d. The record having been brought up by the appellant, and his having at least attempted to account for the delay, saves the case, I think, from the operation of the statute.

It was, in my opinion, the intention of the legislature, to authorize an affirmance without reference to the merits, only in case the appellant should be found wholly in default in prosecuting his appeal. In that case the law proceeds upon the presumption that the appellant has no merits; and ascribing his delay to that cause, authorizes the appellee to file the

record and have an affirmance of judgment with damages. But I do not conceive that the contingency has happened which makes it imperative upon us to affirm the judgment of course, until there shall have been an omission to file by the appellant, and a filing by the appellee, within the terms of the statute.

The appeal may doubtless be dismissed, and the party driven to his writ of error, if, in our judgment, the delay shall not have been satisfactorily accounted for. But when the appellant has endeavored to comply with the rule, and has shown an excuse for his failure, I cannot think it was intended to permit the appellee, so soon as we shall have adjudged the excuse insufficient, and without any action of his own as contemplated by the statute, to come forward and avail himself of the appellant's acts in having brought up the record, and thus press the appellant himself into his service to effect his final condemnation, regardless of the right and justice of the case. We have already witnessed enough, it would seem, to convince us that to permit such a practice may lead to controversies of a character illy becoming this tribunal.

When the appellant shall have wholly made default, then only, in my judgment, is it "lawful," in the language of the statute, for the appellee " to file a copy of the record," and require an affirmance of the judgment. This construction seems to me warranted by the letter and required by the spirit of the law. Any other must be attended with irremediable injury and mischief; which certainly cannot be supposed to have entered into the contemplation of the legislature.