## THOMAS WHITEHEAD v. JEAN PERIE.

It seems to be the duty of an auditor appointed under the State, to state the items of the account, and if he fail to do so, the report will, on motion, in proper time be set aside.

It seems that an auditor appointed under the Statute, to state an account, is not required to state the evidence on which his statement of the account is founded.

Where the report of an auditor does not conform to the law, in form or substance, and the obligation is apparent on inspection of the report itself, the party aggrieved should immediately move to set it aside ; and see this case for exceptions which, not being called to the attention of the Court below, were not deemed to be equivalent to a motion to set aside.

Where the report of an auditor is regular and in due form, the party wishing to impeach its accuracy, should immediately except specially, setting forth wherein the inaccuracy consists ; and to the matters thus excepted to, the parties should be required to confine their evidence, upon the trial.

Where there are no exceptions to the report of an auditor, and no motion to set it aside, and the parties go to trial, although the report, on its face, be so defective in form and substance, that it would have been set aside on motion, it is nevertheless conclusive, and cannot be impeached by evidence ; and it matters not that the evidence, offered to impeach it, is the answers of the party proposing to impeach the report, to interrogatories propounded by the other.

Appeal from Bexar. This was a suit brought for the settle-

ment of partnership accounts. The parties, by consent, procured an order of Court, appointing an auditor to state the accounts between them. The auditor made his report, consisting of a statement of his conclusions upon the various matters in controversy between the parties, but containing no statement of the several items of which the accounts consisted. This account was filed on the 4th day of October, 1850, and on the 22nd of the same month, the defendant filed a paper containing objections to the report, to the effect that he had not had a full hearing before the auditor, that owing to various causes, which he sets forth, he had not been enabled to introduce all his evidence, and averring that the auditor's report contains erroneous calculations and statements of matters of fact, and praying that he have permission to introduce evidence in his behalf for the purpose of fully establishing his rights, or that the case be again referred for a new hearing. The case was continued from Term to Term, until the Fall Term, 1852. At the trial, at that Term, the plaintiff offered in evidence the auditor's report. The defendant objected to its introduction, on the ground that it embraced matters not within the cognizance of the auditor; and that it did not contain a statement of the items of the accounts of the parties, and set forth, specifically, which items the auditor allowed and which he rejected, so as to afford the defendant an opportunity of establishing by proof the items of his account rejected, and disproving those of the plaintiff which were allowed, and the defendant moved the Court to reject the report and to send it back to have a full account stated; which the Court refused and permitted the report to be read in evidence. It appeared from the report, that its conclusions were founded on the admissions of the parties, the answer of the defendant, which contained his answer to interrogatories propounded by the plaintiff, and other evidence adduced by the parties respectively.

The defendant offered to introduce a witness to prove certain items of his account, to which the plaintiff objected and

'the Court sustained the objection and refused to permit the witness to testify in relation to any matter on which he had been examined before the auditor ; and it not appearing to what his examination before the auditor related, his testimony was rejected.  The defendant asked the Court to instruct the jury, in the terms of the law, as to the effect of the answer of the defendant to interrrogatories propounded to him by the plaintiff, which instruction the Court refused.  There were various other rulings of the Court, upon instructions asked by the parties, which it is not necessary to notice.  There was a verdict and judgment for the plaintiff, and the defendant appealed.

*I. A. & G. W. Paschal*, for appellant.  I. The Court held the report of the auditor to be couclusive, treating it as an award.

The duty of an auditor is to state accounts, and to report them, with the proofs upon which they are based ; but every issue still remains open, and the auditor's report is subject to exceptions or to be disproved.  If we look to the only analogy from which we can draw, (that of Courts of Chancery,) we shall find the rulings of the Judge, in this case, to be unprecedented.  (Chappedelaine v. Decheneaux, 4 Cranch, 306 ; Field v. Holland, 6 Id. 8 ; Dubourg de St. Colombe's Heirs v. United States, 7 Peters, 625.)

If the Court was right, the mockery of referring anything to the jury should have been dispensed with.

II. The refusal of the Court to allow the defendant to have the benefit of his answers to the interrogatories was erroneous. (Hart. Dig. Art. 740.)  Where the answers are in the record, they are to be considered by the Chancellor or jury, whether read as evidence or not.  (4 Paige, 227 ; 2 Daniel's Ch. Prac. 983, and cases cited in the notes ; particularly, 2 Johns. Ch. 92 ; 2 Eng. 309 ; Story's Eq. Pl. Sec. 273 ; 4 Paige, 373 ; 5 Mart. R. 576.)  Nothing, in fact, can be proved against an admission in pleading.  And so in Chancery, when a party has

answered responsive to a bill, and denied the charges, no decree can be made against the defendant, until his answer is overruled by precisely the amount of proof required by our Statute. (See also, 2 Story's Eq. 743, 744 and note (1 ;) 5 Martin, 576.)

III. The new trial ought to have been granted, independent of the errors contained in the exceptions and instructions.

*J. W. Harris,* for appellee. I. The report should not have been set aside. (1 Story's Eq. Sec. 447, 448 ; 3 Paige, 306 ; Hart. Dig. Art. 751.) The objection came too late. (Daniel, Ch. Prac. 1493, *et seq.*)

II. The defendant had already received the benefit of the evidence excluded, before the auditor.

The defendant's answers were not offered as evidence. Effect of answer, see 3 Bar. & Har. 388, 389 ; 2 Cow. & H. Notes, 926-7-8 ; 1 Johns. Ch. 141.

*I. A. & G. W. Paschal,* in reply. In Hargrave v. Lewis, 7 Ga. R. 125, Judge Lumpkin " defines his position " in regard to a system more like our own, than in any other State. It will there be seen that under such a system, the appropriate powers of the Judge and jury are precisely the same in equity as at Common Law.

And in Williams v. McIntyre, 8 Ga. R. 34, it is held that so far as determining the facts, the jury act as Chancellors, to the extent of ascertaining the facts, and the Judge decrees upon these facts. Wherefore the jury were not at liberty to find against the answer, except it be overborne according to the Statute ; nor according to the opinion of Judge Marshall, could the auditor's report control the jury as Chancellors.

Particular attention is invited to these cases.

WHEELER, J. The decision of this case must depend upon what shall be considered correct practice, under the Statute authorizing the appointment of an auditor. (Hart. Dig. Art. 751.)

The term auditor, it has been said, designates an agent or officer of the Court, who examines and digests accounts for the decision of the Court. (2 U. S. Cond. R. 289.) A reference of matters of account, to such an officer, was authorized by the Statute, from the consideration, doubtless, that accounts, which are often complex and intricate, are unfit subjects for examination in Court, and ought to be referred to an officer authorized to examine, digest and prepare them for the decision of the Court. As our law authorizes trial by jury, in cases of equitable as well as of legal cognizance, the Court is not authorized to decree upon the report of the auditor, but the Statute provides, that it " shall, under the direction of the Court, be given in " evidence to the jury ; subject, however, to be impeached " by evidence by either party." (Hart. Dig. Art. 751.) The Statute does not prescribe the mode of procedure before the auditor, what his report shall contain, or when or in what manner, a party who conceives himself aggrieved by the report shall urge his objections. The auditor is required to " state the accounts and to make report thereof to the Court." This would seem to require that the report should contain a statement of the items of the respective accounts, as well as the conclusions of the auditor in respect to the various matters embraced in them : and thus far the Statute may be regarded as prescribing the duties of the auditor. But there are other respects in which his duties are not prescribed, and in these respects they must be ascertained from the nature of his office and the duties which belong to it. These are analogous to those of a Master in Chancery in similar cases. And, it is conceived, we may safely look to the analogies afforded in the duties of that officer to aid in determining upon a correct practice under the Statute, in so far as they are applicable to the mode of trial in our Courts. From the nature of the case, it would seem, that, as in reference to a master's report, so a party dissatisfied with the report of the auditor, should have a right to move to set aside the report altogether, if not properly made, or if erroneous only in part, to except to such part and

contest its accuracy, without disturbing the report in other respects. It could not have been intended by the Legislature, that a party should be permitted to introduce evidence impeaching the report, without having given timely notice of such intention, to enable the opposite party to come prepared with his rebutting testimony, or with evidence to sustain the report. The report may be impeached ; but surely he who proposes to impeach it, should give notice of such intention, by making his exceptions in time, and so specifically as not to take the opposing party by surprise and thus deprive him of the benefit of his evidence. If this were not required, the law authorizing the appointment of auditors would be of very questionable benefit to suitors ; for after the delay and expense of a reference, and the making of the proofs before the auditor and his report, the parties would still be compelled to come prepared with their evidence to re-prove their case before the jury. The whole case would be liable to be re-opened and examined before the Court and jury, at the pleasure of either party, however regular and legal the action of the auditor may have been, and however accurate his report ; and thus the object of the Statute would be defeated. This consequence may be prevented by requiring the party, objecting to the report, to move to set it aside, in time to enable the Court to re-refer the subject to the auditor, or to take his exceptions specifically to the part of the report which he proposes to impeach, so as to enable the parties to come prepared with their proofs touching the matter so specially excepted to. Such, it is conceived, must be the practice under our Statute, in order to render it effectual to accomplish the beneficial objects intended by the Legislature. In Chancery, a party may either apply to the Court to set aside the report or to refer it back to the master, or he may except to the report. If the master has proceeded irregularly or neglects to report upon the matters referred to him, the proper course for the party aggrieved thereby is to apply to the Court to set aside the report, or to refer it back to the master. But if the master has come to a wrong conclu-

sion upon the matters which were referred to him to ascertain or decide, it is proper for him to except to the report.    (6 Paige, 127.)

The report of the auditor may not conform to the law in form or substance, and this may be apparent upon inspection of the report itself.    In that case, the party aggrieved by it, should move to set it aside : or, the report may be regular and in due form, but the auditor may have come to the wrong conclusions upon the matters referred to him, and then the party wishing to impeach the accuracy of the conclusions of the report should except specially, setting forth wherein the inaccuracy consists ; and to the matters thus excepted to, the parties should be required to confine their evidence, upon the trial.

In the case before us, the report does not state the accounts between the parties, as the Statute requires.    It states merely the conclusions of the auditor upon the matters referred.    For this cause the report might have been set aside, on motion. But the objections first taken to the report by the defendant, did not go to matters apparent upon the report, but to the accuracy of its conclusions.    They were too general and indefinite to be regarded as exceptions to the report, and they do not appear ever to have been brought to the attention of the Court. The objection to the report, that it did not contain a statement of the accounts and set forth the items, so as to enable the defendant to except to the conclusions by which he was aggrieved, was not made until after the parties had gone to trial and the report was offered in evidence.    It was, then, we think, too late.    Then to have allowed the objection, would have been a surprise upon the opposite party.    The question of the regularity of the report should have been determined before the cause was called for trial.    It might then have been referred back to the auditor, to perfect his report.    But the objection having been reserved till the trial, there was no opportunity afforded to correct and perfect the report ; nor had the plaintiff notice to enable him to come prepared with other evidence for the trial.    To have entertained the objection under the circum-

stances, would have operated a manifest injustice to the plaintiff. It was the right of the defendant to except, or move to reject the report; but he should have done so within a convenient and reasonable time. It is a dictate of natural justice that a party shall so exercise his rights as not to defeat or prejudice the rights of others. Until some valid objection was urged by the defendant, and the report was adjudged by the Court, irregular or illegal, the plaintiff had a right to rely upon its being admitted in evidence, and could not be required to come prepared with other evidence to make out his case. We are of opinion, therefore, that the Court rightly overruled the objections to the report, as coming too late.

The testimony of the witness offered by the defendant was rightly rejected, for the reason that the exceptions to the report, filed before the trial, did not specify any item, statement, or conclusion in the report the accuracy of which it was proposed to impeach; and those taken at the trial were not in time. To have admitted the testimony, would have operated a surprise upon the plaintiff.

The instructions asked by the defendant, though in terms of the law and of course correct as abstract propositions, were rightly refused, for the reason that the defendant's answers to interrogatories had not been given in evidence and were not before the jury for their consideration. Moreover, they were before the auditor and were considered by him in making his report, where, we must suppose, they received the weight to which they were entitled. There were various other rulings of the Court, which, however, in the view we have taken of the case, are immaterial and do not require notice. We conclude that there is no error in the judgment and that it be affirmed.

Judgment affirmed.

### APPLICATION FOR RE-HEARING.

I. The attorneys for the appellant, in their application for a re-hearing, cited the Const., Art. 4, Sec. 10, 16 ; Hart. Dig.,

Art. 641, and argued that the trial in this case had not been conducted according to the "rules and the regulations prescribed in trials at law," and that, to sustain the action of the Court below by analogies drawn from the practice of Courts in Chancery, would violate the provisions of the Constitution and Statute cited. (DeLeon v. Owen, 3 Texas, 153 ; Johnson v. Davis, 7 Id. 175.

II. The Statute expressly limits the action of the auditor to an examination, of the vouchers and a statement of the account. (Hart. Dig., Art. 751.) The "conclusions" of the auditor can be nothing else but the additions and the balance struck. He can neither examine the parties nor witnesses.

III. In Field v. Holland, 6 Cranch, 8, no exceptions were taken to the auditor's report, but the Court set it aside. The objection to the report in that case, was that it merely stated the conclusions of the auditors, same as in this case. In Lyman v. Warren, 6 Pickering, 426, the report was disregarded, in so far as it exceeded items and vouchers.

IV. The objection here was apparent on the face of the report, and exceptions were unnecessary. (Bouvier Law Dic., AUDITOR ; 2 Cranch, 124 ; 5 Id. 313.)

V. In England auditors only acted in matters of account in a common law action. (Bacon, Abridgment, ACCOMPT, F.) They were appointed after judgment *quod computet*, and were required to state the account specially. (2 Burrow, 1086.)

VI. Other objections taken in the brief, were re-argued.

WHEELER, J. We have considered the application for rehearing, and adhere to our opinion as heretofore given. In the Common Law action of *accompt*, or, as it is sometimes called, *account render*, if the plaintiff succeeded, there were two judgments : first, that the defendant do account (*quod computet*) before auditors appointed by the Court ; and when such account was finished, the second judgment, that he do pay the plaintiff so much as he is found in arrear. The auditors, appointed in

this action, were usually two officers of the Court, who were armed with authority to convene the parties before them, at any day or place that they should appoint; it was their province to receive and weigh the evidence and investigate the facts, and determine thereon, and make report thereof to the Court. (3 Bl. Com. 162; Bacon's Ab. "Accompt," "F.") This action combined the properties of a legal and equitable action. The proceedings, up to the judgment *quod computet*, and subsequent to the account reported by the auditors, were conducted upon the principles of the Common Law. But the account was to be adjusted upon the most liberal principles of equity and good faith. The Court, it is said, were judges of the action—the auditors of the account. In the practice in this action, exceptions were required to be taken before the auditors, and could not be taken after the report had been returned. This action was formerly, in England, the common remedy in mercantile transactions, and in almost all cases where there were dealings, and an unliquidated demand. (3 Reeve's Hist. English Law, 77.) In modern practice, it had fallen into disuse, in consequence of the substitution of the action of assumpsit, and the frequent resort to a Court of Equity, and because its modes of proceeding were found to be dilatory and inconvenient; though it is said to have always been regarded with favor by the English judges, and very recently to have been revived in England to a considerable extent. (8 Mes. and W. 769; Smith on Con. 301, 302, 321, and notes.) It is retained, with more or less modification, in some of the States, and in some of them, it has been expressly abolished. In Pennsylvania it is retained; and there, the Court say it was the business of the auditors, not merely to collect proofs for the adjudication of the Court, but to adjudicate themselves, subject to exceptions; and, that they report the proofs at all, is but to assist the Court in the determination of the exceptions. In the absence of proof to contradict or sustain the report, the Court say they are to take it, that the auditors acted

on sufficient grounds. (Per Gibson, Ch. J., in the matter of Harlan's Accounts, 4 Rawle 323, 329.) In that State there had been some diversity of practice ; or rather the practice had not been settled previously to the case of Moore v. Hunter, (3 Binny 475,) and in that case the Court say : the most regular way of proceeding, and by far the most convenient one, would be to take exceptions before the auditors, to be returned by them as a part of their report, and that such appears by the precedents to be the English practice. In this State, we have no occasion to resort to the Common Law action of account, and it is quite certain that, in providing for the appointment of auditors, the Legislature did not intend to introduce that action or its modes of proceeding. It would be an anomaly in our practice, which no one would wish to see introduced. But, whether we refer to the practice in that action upon the reference to auditors, or to the practice upon a reference to a Master in Chancery, or to the established general principle in our system of practice and procedure, that every party shall have due and timely notice of the grounds on which his adversary intends to rely, we must conclude that exceptions to the action of auditors must be taken, if not before the auditors, to be reported by them, at least before the trial, in order that the adverse party may have the opportunity afforded him to meet and obviate them. This was not done in the present case.

As in our practice, the trial is by jury, and the Court consequently can not proceed to render judgment upon the report of auditors, but the report is to be given in evidence to the jury, and is subject to be impeached by evidence to be given at the trial, (Hart. Dig., Art. 751,) which, of course, may be rebutted by other evidence, it would seem to be unnecessary for the auditor to take down and return in writing all the evidence on which his conclusions are founded. The Statute seems to have intended that, touching the matters in which the accuracy of

the report is impeached, the evidence shall be given anew, at the trial before the jury. It is not perceived, therefore, that the evidence from which the auditor drew his conclusions, if taken down by him, could be of any avail to the parties at the trial. Upon this point, as a matter of practice, it was deemed proper to intimate an opinion, though not necessary to the decision of the case before the Court. The application for a re-hearing is refused.

Re-hearing refused.