## No. 5890.

## EUGENE E. RICHIE v. GEORGE P. LEVY.

1. PLEADING.—Though pleading may be amended, in violation of the rules of court prescribing the manner thereof, and exceptions may be saved to the erroneous ruling of the court overruling exceptions to such defective pleading, the final judgment rendered in the cause will not be disturbed when the record fails to show that appellant has been prejudiced thereby.

2. AUDITOR.—When matters of account between plaintiff and defendant are referred to an auditor, he should hear and determine from the evidence offered, as a jury should. If not instructed as to matters of law by the court, he may state in his report his conclusion of facts, upon the law as he believes it to be, stating his belief. It is unnecessary for an auditor to embody in his report the evidence on which his conclusions are based.

**3.** SAME.—It is no objection to an auditor's report, when he states his conclusion of law based on facts which he states, that he fails to state the evidence adduced to establish such facts.

**4.** SAME.—The report of an auditor to which no valid objections exists may be used in evidence on the trial of a cause.

**5.** COPARTNERS—CONTRACT.—Articles of copartnership stipulated that in case of the absence of one of the parties, the other should conduct its affairs, but the partner so managing the business should have no right without the consent of the absent partner, to encumber the firm with a debt "exceeding its cash assets." One of the partners left the State and was absent several years. *Held:* 1. That the partner who remained and gave his time and attention to the partnership business, was not compelled—if there was no money on hand to meet necessary expenses—to defray the same from his separate means. 2. The clause must be construed as intending to inhibit the partner from creating debts in the purchase of property in order to enlarge the partnership operations.

**6.** AUDITOR.—Where the report of an auditor is regularly made, after a proper hearing and determination of the account, the party who desires to contest an item must do so by specific exceptions filed in time, to the item of debt or credit which he claims has been incorrectly included or excluded from the amount as reported, or which he claims to be incorrect as to amount.

APPEAL from Parker. Tried below before the Hon. R. E. Beckham.

*Harcourt & Ball,* for appellant: On their proposition that the exceptions to the auditor's report were well taken and should have been sustained, they cited Revised Statutes, article 1471; Whitehead v. Perie, 15 Texas, 11; Boggs v. The State, 46 Texas, 14; Field v. Holland, 6 Cranch, United States, 21; 4 Cranch, 308; Jeffreys v. Yarbrough, 2 Hawk, 307.

That the bill of exceptions disclosed an error of the court in holding that the auditor's report was conclusive, and could not be contradicted by plaintiff's witnesses, they cited Revised Statutes, article 1473; Whitehead v. Perie, 15 Texas, 11, 17; Boggs v. The State, 46 Texas, 14.

That the finding of the court is based on the unsupported report of the auditor, and was in conflict with the express terms of article 11 of the partnership agreement, they cited Revised Statutes, article 1471.

Where exceptions are filed to the report, it may be contradicted by evidence. Revised Statutes, article 1473; Whitehead v. Perie, 15 Texas, 17.

*B. G. Bidwell*, for appellee: That the exceptions to the auditor's report were properly overruled, cited Revised Statutes, article 1471; Whitehead v. Perie, 15 Texas, 7; Boggs v. State, 46 Texas, 14; Duncan, County Judge, v. Wilkerson et al., 5 Texas Law Review, 658; Parsons v. Ables, 19 Texas, 447; Barclay v. Tarrant County, 54 Texas, 251.

GAINES, ASSOCIATE JUSTICE.　　The parties to this suit were partners in the business of raising cotton and sheep, but agreed upon a dissolution and made a division of the assets. The property taken out by appellant was valued in the partition at eight thousand nine hundred and forty-four dollars and thirty-one cents, and that set apart to the appellee was appraised at eleven thousand nine hundred and eighty-three dollars and thirty-five cents. Appellant brought this suit to recover of appellee the value of the excess received by the latter in the division, and also for a settlement of their partnership accounts, praying a judgment for the sum of three thousand and thirty-nine dollars and four cents, and such other sum as might be found due to him upon a fair adjustment. The appellee set up a counter claim against appellant growing out of the partnership business, and prayed judgment in his favor. The judgment of the court was that plaintiff take nothing by his suit, and that each party pay one-half of the costs.

It is complained that the court erred in overruling plaintiff's exceptions to defendant's last amended original answer. The ground of the exception here relied upon is, that the answer did not show that it was filed as a substitute for the previous answers. The answer was not in compliance with the rules, and the court should have sustained the exception. When plaintiff filed his amended original petition, if defendant was not content to rely upon his answer already filed, he should have re-pleaded such of his former allegations as he did not wish to abandon, and should have added any new matter he desired to set up. But the record fails to disclose that appellant has been prejudiced by the erroneous ruling of the court. This error is therefore harmless, and is not a ground for a reversal of the judgment.

The accounts between the parties were referred to auditors by consent of parties, and upon the coming in of their report plaintiff filed exceptions to it, which were overruled by the court. This ruling is also assigned as error. The first and

second grounds of objection to the report are that the auditors assumed to act as a court and jury, and that "they say they tried to arrive at a just solution of disputed issues and accounts which they had no authority to do." But we think that in this particular the action of the auditors was regular. As to the matter submitted to them by the court (which embraced the accounts of both plaintiff and defendant as set forth in their pleading), it was their duty to endeavor to arrive at a just solution and to report their conclusions to the court. In doing this it was incumbent upon them to hear and determine the evidence as a jury would. If a dispute arose as to the law applicable to any particular and they were not instructed by the court upon it, it was not improper for them to state what they supposed the law to be and their conclusion of fact upon the hypothesis that their opinion of the law was correct. If correct, their findings of fact were conclusive if not excepted to, but if not correct, they should have been disregarded by the court.

The third, fifth, sixth and seventh grounds of exception are to the effect that the auditors reported their conclusions without setting forth the evidence upon which their finding were based. It is apparent that the auditors heard evidence, although it is not reported. This matter is discussed in Whitehead v. Perie, 15 Texas, 7; and Judge Wheeler with the evident purpose of settling the practice, there submits the opinion that it is unnecessary for the auditor to embody in his report the proof upon which his conclusions are founded. The reason given is, that if the items of the account so reported be properly excepted to upon the issues so presented, the evidence introduced before the auditors could not be admitted. When the report is impeached, the trial before the jury is de novo as to the particular objected to, and it must be upon evidence outside of the report. The opinion may be dictum, but the reasoning of the learned judge ought to be deemed conclusive. If another reason were needed it is to be found in the fact, that in many cases it would be extremely inconvenient to incorporate the proof in the auditor's report, and the attempt would tend to delay, rather than to facilitate the administration of justice.

The fourth ground of exception is that the auditors construed the partnership agreement to authorize them to charge plaintiff with money paid out by defendant, " without reporting any facts or proof of such amounts." It is not objected that the finding to the effect that defendant paid out the several items

on account of the partnership business, was not correct. The objection is to their conclusion of law and their failure to report the evidence. This is not a sufficient ground for setting aside the report. If the legal conclusion of the auditors was wrong, that portion of the account should have been disregarded upon the final trial. But if there was error in not striking out that part of the report, no injury has resulted to plaintiff. The exceptions only reached three items of the report each of twenty dollars, and upon all of these the court heard evidence outside of the report and disallowed one of them. The judge in his findings still found the sum of forty-nine dollars due defendant for which he did not give judgment, because it was not prayed for in the answer. Hence the judgment would have been the same if the other two items had been stricken out.

The third assignment is that the court erred in permitting the auditor's report to be read in evidence over the objection of defendant. The court having properly overruled the exceptions to the report, it was not error to admit it in evidence. This is settled in Whitehead v. Perie, supra.

Appellant's fourth and fifth assignments of error complains of the action of the court in finding defendant entitled to a credit of forty-nine dollars and forty-three cents, being the amount expended by him on the management and control of the partnership property during the absence of plaintiff from the State.

The articles of agreement between the parties contained this provision: "Article 11. In case of absence of one of the partners, the other shall conduct the affairs of the association. However, he shall have no right, without the consent of his partner, to encumber the association with a debt exceeding its cash assets." One of the witnesses testified on the trial that plaintiff left the State "in December, 1883," and had never returned. The items of the account which make up the sum of four thousand nine hundred and forty-three dollars are of dates extending from the third of December, 1883, until the partnership was dissolved. They consist mainly of small expenditures, of daily occurrence, which generally show upon their face that they were the current expense of carrying on a business of raising sheep. It seems probable, from an inspection of these items, that the arrangements were made which led to this expense before plaintiff left the State. Now, it would be a very satisfactory construction for plaintiff to say that the article which has been quoted permitted him, by leaving the State, to impose the expense of

carrying on the partnership business upon the individual purse of his partner; or to hold that, according to its terms, in case of a loss, the partner who remained to give his time and attention to the business should pay the expenses out of his separate funds, and leave the firm assets to be divided.   This evidently was not contemplated.   If by "cash assets" was meant "cash," it would have been easier to have said that no debts should be contracted. We think the object of the article was to prohibit the creation of debts by buying additional property in order to extend the operations of the firm.   In such case the absent partner would have been at liberty, by repudiating the purchase and abandoning all claim to the property so bought, to release the firm from liability for the debt so created.   But we are unable to see by what rule of equity he can refuse to pay his part of the expenditures for managing and preserving the partnership property after participating in a division of the entire estate. We do not think that a fair construction of the article in question justifies such a claim, and conclude that the court did not err in allowing the account in question as a just obligation against the firm.

What we have said is sufficient to dispose of all the points raised by appellant's brief.   His exception to the report of the auditors was not well taken.   It was regular and in accordance with the rulings of this court, and was not subject to be stricken out in whole or in part.   If he desired not to be concluded by the report it was his duty to except to the several items to which he objected.   His failure to do this, except as to a very small amount, excluded all evidence as to the correctness of the debits and credits allowed in the several accounts, and left but little to be done by the court save to add up the footings and to strike the balance.

Cases which have recently come before this court lead us to think that the manner of excepting to an auditor's report is not universally understood by the profession in this State.   The practice was very fully and clearly discussed in Whitehead v. Perie, supra, and the ruling in that case has been uniformly followed ever since.   Article 1473 of the Revised Statutes is recognized in Barkley v. Tarrant County, 53 Texas, 251, as affirming the rule established by judicial construction, and not as changing it.   When the report of an auditor is regularly made after a proper hearing and determination of the account, a party who desires to contest one or more of its items must do so by a

timely and specific exceptions to the several particulars of debit or credit, which he claims to have been included or excluded from the account as reported, or which being included, he claims to be incorrect as to amount. The rule is not difficult of compliance, and operates most beneficially by relieving a litigation over long and complicated accounts of the items about which there is no dispute, and restricting it to such matters as are really in issue between the parties. (Dwyer v. Kalteyer, 68 Texas, 554.)

There being no error in the proceedings of the lower court which calls for a reversal of the judgment, it will be affirmed.

*Affirmed.*

Opinion delivered November 8, 1887.