EAGLE MANUFACTURING COMPANY v. R. W. HANAWAY.

Decided April 12, 1897.

**1.  Auditor's Report as Evidence—Items Excepted To.**

The report of an auditor appointed by the court, in a suit on account embrac-
ing items of debit and credit, when introduced in evidence, is sufficient to make a
prima facie case and support a judgment for the debits allowed by him,  though
such items were excepted to, where no proof was offered to establish or to contra-
dict them.  (Pp. 582, 583.)

**2.  Same—Case Limited.**

The expressions in the opinion in Kempner v. Galveston County, 76 Texas, 450,
as to the effect of exceptions to the report, should be limited by the facts of that
case;  that is, to cases where exceptions were filed and evidence introduced suffi-
cient to raise an issue thereon.  (Pp. 583, 584.)

QUESTIONS CERTIFIED from Court of Civil Appeals, Fourth District,
on error to Dallas County.

*McCormick & Spence,* for plaintiff in error.—The office of an auditor's
report is to narrow the issue between the parties down to what is really
in dispute between them.    After the auditor's report is made the parties
dissatisfied with his action respecting items of the report have a right to
except thereto, and whenever exception is made to the finding of the
auditor, then his finding as to such item becomes inoperative for any
purpose, and the report is only operative to remove out of controversy
the items in the report not excepted to by either party.    Such parts of
the report as are not excepted to are removed out of controversy, and
the auditor's report as to them becomes conclusive.    The auditor's re-
port is admissible in evidence, and the effect of the introduction of an
auditor's report in evidence in a case is:  first, to show, in connection with
the exceptions thereto, what items are left in dispute and what items are
removed from the controversy;  and as to this last class of items the re-
port operates as evidence and conclusively establishes the findings of the
auditor.    As to the other class of items, that is to say, the items covered
by the exceptions, the report is without probative force of any kind.

Dwyer v. Kalteyer, 68 Texas, 559; Kempner v. Galveston County, 76 Texas, 451; Hill v. Dons, 37 S. W. Rep., 638.

*Coke & Coke,* for defendant in error.—The burden of contradicting the report of the auditor in this case was upon the plaintiff in error, and the defendant in error was entitled to a judgment in the absence of any evidence whatever on the part of the plaintiff in error contradicting said report, even though the plaintiff in error had excepted thereto.   Art. 1496, Rev. Stats., 1895; Moore v. Waco Bldg. Assn., 9 Texas Civ. App.,. 404; Kendall v. Hackworth, 66 Texas, 506; 1 Am. & Eng. Encycl. Law, 1016; Morgan v. Morse, 13 Gray (Mass.), 152; Phillips v. Cornell, 133. Mass., 548.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Fifth Supreme Judicial District has certified to this court the following statement and questions:

"This is a suit on account in which there are items of debit and credit.. An auditor was appointed by the court who, after hearing testimony, made his report, and all the items of debit were excepted to.   Upon the trial the auditor's report was introduced in evidence by the plaintiff, and no other testimony was introduced by either party as to such debits.

"In view of the conflict in the decisions upon the subject (see Moore v. Waco, &c., 28 S. W. Rep., 1033, and authorities cited; Revised Statutes,. article 1473; Camden v. Stuart, 144 U. S., 118; Campner v. Galveston Company, 76 Texas, 451; Hill v. Dons, 37 S. W. Rep., 638, and authorities cited), and in order to clearly settle the question in this State, we submit the following questions:

"1.   Where an auditor's report or a part thereof has been excepted to, and such report is offered in evidence, and no other evidence is offered by either party in regard to the items covered by such exceptions, does the report establish a prima facie case upon which judgment can be rendered?

"2.   What effect, if any, should be given to the auditor's report as evidence, when excepted to?"

We understand that the second question, so far as it is applicable to the facts stated, is embraced in the first, and we therefore confine our answer to the first question; to which we reply that the auditor's report, when excepted to, in the absence of any evidence contradicting it, is sufficient to support a judgment rendered in accordance with the facts contained in it.

The weight to be given to the report of an auditor appointed under article 1494, when properly excepted to by either party, is determined by article 1496, Revised Statutes, which is in this language:   "The report of the auditor shall be admitted in evidence, but may be contradicted by evidence from either party where exceptions to such report, or of any items thereof, shall have been filed before the trial."

By the terms of this statute the report of an auditor when excepted to.

is admissible as evidence and, being admissible, is to be considered by the court or jury, but it may be contradicted by evidence offered by either party; that is, the report so made, when excepted to, is prima facie proof of the facts stated in it, and if not contradicted by evidence offered by either party, will support a judgment in accordance therewith. Whitehead v. Perie, 15 Texas, 7; Kendall v. Hackworth, 66 Texas, 506; Dwyer v. Kalteyer, 68 Texas, 559; Phillips v. Cornell, 133 Mass., 546; Bellows v. Woods, 18 N. H., 305; Knowlton v. Tilton, 38 N. H., 257; Camden v. Stuart, 144 U. S., 118.

In New Hampshire the subject is regulated by statute and the effect to be given to a report of an auditor when excepted to is stated in the following language: "It shall be given in evidence to the jury, subject to be impeached by evidence offered by either party." This is almost identical with the language of our statute. In a number of cases the Supreme Court of that State has construed the statute, and in Knowlton v. Tilton, cited above, the interpretation placed on it is stated by the court as follows: "The report of an auditor is, by the statute, made evidence to the jury in support of a claim found due in the report. When the plaintiff had introduced that to the jury, it was unnecessary for him to proceed farther in support of his case, although it might be made to appear that the claim found due by the auditor was for labor and services rendered under a special contract, under seal. The statute making the report evidence implies that, in the absence of all conflicting evidence, it is sufficient to establish every fact material to the proof of the claim, and among them if that is material, that of a rescinding, waiver or abandonment of the contract."

In the case of Kempner v. Galveston County, 76 Texas, 450, Judge Gaines, speaking for the court, said: "The items of an account in an auditor's report not excepted to by either party are conclusive, but as to such as are excepted to, the report is without effect." In that case the question here presented was not before the court, for neither item then under investigation had been excepted to at the trial in the court below. In that case exceptions had been filed to other items in the report and evidence offered with reference thereto, and upon that point Judge Gaines said: "The court in its general charge left issues of fact as to the disputed items in the account reported by the auditor to be determined by the evidence adduced upon the trial, without respect to the auditor's report, as it should have done." That case was tried in the District Court in accordance with the rule we have stated. The report of the auditor, in so far as it was not excepted to, was treated as conclusive by the court, and upon all items to which exception had been taken evidence was introduced and the issues formed by such evidence were submitted to the jury to be determined by the testimony introduced. This practice was approved by this court in the language last quoted from that opinion. The language "but as to such as are excepted to the report is without effect" was intended to express simply the effect given to the report by the trial court below, which was to disregard it upon the items excepted

to and as to which sufficient evidence had been introduced to raise an issue thereon. The question embraced in this portion of that opinion is not involved in this case as submitted to us, and we have thus examined it for the purpose of showing that the language upon which reliance is placed to sustain the position that an exception sets aside the report of an auditor was not intended, and upon a careful examination of the opinion cannot be understood, to assert that doctrine. Such a rule would enable either party to set aside and annul the finding of an officer appointed by the court under the authority of law. The object of the statute would thus be defeated and the benefits which are intended to be derived by submitting to an auditor complicated questions of fact would be lost to parties litigant.

We think that the cases of Whitehead v. Perie, 15 Texas, 7, and Dwyer v. Kalteyer, 68 Texas, 559, are in harmony with the answers made to the question propounded herein and that the case of Kempner v. Galveston County when properly understood with reference to the facts of the case is not in conflict with this opinion.