**GUNST et al. v. DALLAS TRUST & SAVINGS BANK. (No. 10195.)**

Court of Civil Appeals of Texas. Dallas. June 16, 1928.

Rehearing Denied July 31, 1928.

**1. Appeal and error ⟜930(3)—In absence of bill of exception, appellate court will presume that request for findings and conclusions was waived.**

In absence of a bill of exception to trial court's failure to file written findings of fact and conclusions of law, appellate court will presume that the request in writing therefor was waived.

**2. Landlord and tenant ⟜230(1)—Petition in action for rent held to state cause of action and plead lease contract with sufficient fullness.**

Petition in action to recover rent, alleging that plaintiff's deceased had leased premises for consideration stated, payable in certain monthly installments, and that lease contract provided that lessor should have lien on personal property placed on premises, and that corporation was organized which took over mercantile business of lessee and assumed payment of rent and went into possession and occupied premises, and failed and refused to pay certain rent installments, held to state cause of action and plead lease contract with sufficient fullness.

**3. Pleading ⟜11—In action for rent, plaintiff was not required to allege whether assumption of lease by defendant was made verbally or in writing.**

In action to recover rent from corporation organized by lessee, which assumed payment of rent, plaintiff was not required to allege how assumption of rent contract by corporation was made (that is, whether verbally or in writing), since that was question of evidence and not of pleading.

**4. Frauds, statute of ⟜23(1)—Assumption of lease by corporation organized by lessee held not required to be in writing.**

Where building was leased to G., for use and benefit of company to be organized by G., which was in fact organized, and immediately thereafter G. assigned lease to corporation and corporation took over business, occupied and used building, and paid all rentals accruing thereafter under lease except certain months, assumption of lease contract by corporation was not within statute of frauds, and was not required to be in writing.

**5. Reference ⟜100(3)—Report of auditor appointed to state accounts between parties in action for rent held not impeachable unless excepted to before trial (Rev. St. 1925, art. 2292).**

In action to recover rent under lease, wherein court appointed auditor to state accounts between parties under Rev. St. 1925, art. 2292, his report was admissible in evidence, was conclusive on all pertinent matters, and could not be impeached where not excepted to before trial.

**6. Landlord and tenant ⟜244—Lessor could assert landlord's lien against lessee and company assuming rent contract without filing sworn statement of rent due; statute for protection of purchasers and creditors being inapplicable (Rev. St. 1925, art. 5238).**

Lessor could assert landlord's lien against lessee and corporation assuming rent contract without filing statement of amount of rent due under Rev. St. 1925, art. 5238, since purpose of statute is to protect bona fide purchasers and unsecured or lien creditors of tenant and it was inapplicable to facts.

**7. Landlord and tenant ⟜273(2)—Pleading asking for judgment on replevy bond was unnecessary, since such judgment followed as matter of law after judgment against principal (Rev. St. 1925, art. 5232).**

In action on rent contract, in which plaintiff sued out distress warrant, which was levied on pianos, and defendant replevied property, pleading asking for judgment on replevy bond was unnecessary, since judgment against sureties on replevy followed as matter of law after judgment was rendered against principal under Rev. St. 1925, art. 5232.

**8. Landlord and tenant ⟜274(2)—Defendants held not entitled to judgment on cross-action for damages in action for rent, where affidavit for distress warrant misdescribed street number (Rev. St. 1925, 5227, 5228).**

In action for rent, in which plaintiff sued out distress warrant, which was levied on pianos, defendants held not entitled to judgment on their cross-action for damages, where affidavit for distress warrant misdescribed street number of building, but in other respects premises were sufficiently described under Rev. St. 1925, arts. 5227, 5228, and no damages were shown.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by the Dallas Trust & Savings Bank, executor of the estate of D. D. Thompson, deceased, against Lester Gunst and others. From a judgment for plaintiff, defendants appeal. Affirmed.

W. M. Pierson, of Dallas, for appellants.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellee.

LOONEY, J. Dallas Trust & Savings Bank, as executor of the estate of D. D. Thompson, deceased, sued appellants to recover on a rent contract. At the institution of the suit, plaintiff sued out a distress warrant, which was levied on two pianos, situated in the storehouse on the leased premises. The defendant company replevied the property, with T. E. Swann and W. Howard Beasley as sureties.

The warrant being returned to the district court, plaintiff in due time filed its petition alleging, in substance, that, on February 5, 1920, D. D. Thompson leased to Lester Gunst certain business property located on Elm street, in the city of Dallas, for a period of five years from August 15, 1920, consideration $27,000, payable in advance in monthly installments of $450 each; that the lease contract provided that lessor should have a lien, as security for the payment of the rentals, upon all goods, wares, chattels, implements, fixtures, furniture, tools, and other personal property, which were then or should afterwards be placed upon the premises; that about September 8, 1920, the Lester Gunst Company, a corporation, was organized, and immediately took over the mercantile business of Lester Gunst, assumed payment of the rents stipulated in the lease contract, went into possession of the property, and has since occupied the premises; that defendants failed and refused to pay the five rent installments that matured December 15, 1924, January 15, 1925, February 15, 1925, March 15, 1925, and the installment that became due May 15, 1925, aggregating the sum of $2,250, for which plaintiff asked judgment, with interest, foreclosure of the landlord's and contract lien on the property seized, and for general relief.

Defendant company answered by general and special exceptions, general denial, and specially denied that it assumed the obligations of the rent contract, alleged that, if there was ever any agreement on its part to pay the rentals, the same was not in writing, and was therefore in violation of the statute of frauds; that the distress warrant was illegally issued, by reason of which the defendant had been damaged in the sum of $5,000, for which it prayed judgment. Defendant also interpleaded Benjamin Benno, and sought to recover against him and plaintiff jointly damages to the stock of merchandise caused by water, but, the court sustaining Benno's plea of misjoinder, the defendant thereafter took a nonsuit both as to Benno and plaintiff in regard to the alleged water damage; hence this phase of the case will be given no further attention. Lester Gunst adopted the answer of the company, his co-defendant.

The case was tried to the court without a jury, exceptions were all overruled, and on hearing plaintiff was given full recovery, from which the defendants have appealed.

Appellants insist that the case should be reversed because the trial court refused their request for findings of fact and conclusions of law.

[1] The record discloses that the judge failed to file written findings of fact and conclusions of law, as requested in writing by appellants so to do, but the failure of the court in this respect was not excepted to, and we find no bill in the record as a basis for this assignment. In the absence of a bill of exception the presumption will be indulged that the request for findings and conclusions was waived. Supreme Commandery, etc., v. Rose, 62 Tex. 321; Overton v. Colored Knights, etc. (Tex. Civ. App.) 173 S. W. 472; Kennedy v. Kennedy (Tex. Civ. App.) 210 S. W. 581; Senter v. Garland (Tex. Civ. App.) 298 S. W. 614. This contention is overruled.

[2, 3] In a number of assignments and propositions, appellants complain of the action of the court in overruling their general and special exceptions to plaintiff's petition. The substance of plaintiff's petition has heretofore been set out, and, in our opinion, states a cause of action, and pleads the lease contract with sufficient fullness. Plaintiff was not required to allege how the assumption of the rent contract by the company was made (that is, whether verbally or in writing); that being a question of evidence and not of pleading. Cross v. Everts, 28 Tex. 524, 531; Lewis v. Alexander, 51 Tex. 578, 585; Day v. Dalziel (Tex. Civ. App.) 32 S. W. 377. All assignments relating to these matters are overruled.

[4] In one form or another, the defendant company complains of the judgment for the reason that it had not in writing assumed performance of the obligations of the lease contract. The record discloses that, when Lester Gunst leased the building from Thompson, in February, 1920, effective August 15th following, the same was for the use and benefit of a company to be organized, which was in fact organized September 8, 1920, and immediately thereafter Lester Gunst assigned the lease to the company, although it was not shown that this was in writing. The company took over the business, occupied and used the building, and paid all rentals accruing thereafter under the lease, except the five months, for the recovery of which the suit was brought. We are of the opinion that the assumption by the company of the lease contract, evidenced by these facts and cir-

cumstances, was not within the statute of frauds, and hence was not required to be in writing. The following authorities are pertinent: The doctrine announced in 27 C. J. 164, is that:

"An oral promise by a subtenant, or an assignee, to pay the rent reserved in a lease, or the arrears of rent, or an assumption of the covenants in a lease, or the indorsement by a sublessee of future rent notes, given by the original lessee, is not within the statute of frauds."

The Amarillo Court of Civil Appeals, in Hart-Toole Co. v. Shahan, 220 S. W. 181, had this to say:

"Where a corporation, after its organization was completed, adopted a contract of its organizers under which services resulting to its benefit had been rendered, the contract becomes an original undertaking, not a promise to answer for the debt of another, and need not be in writing."

In Great Southern v. Cooper, 231 S. W. 157, 160, Judge Talbot, for this court, used the following language:

"The general rule is that, wherever the main purpose and object of the promisor is not to answer for another, but to subserve some purpose of his own, his promise is not within the statute, though it may be in form a promise to pay the debt of another, and though performance of it may incidentally have the effect of extinguishing the liability of another."

We overrule all assignments and propositions relating to this contention.

[5] In several ways appellants insist that the evidence does not sustain the judgment as to the amount for which it was rendered. The trial court, in our opinion, was fully warranted in finding from conflicting evidence that appellants were indebted to plaintiff in the amount for which judgment was rendered, but, in addition to this consideration, it appears that the court, without objection, appointed an auditor to state the accounts between the parties, and that the auditor made a report that was not excepted to by appellants, to the effect that the five months' rental installments of, $450 each, aggregating $2,250, sued for, had not been paid.

Article 2292, R. S. 1925, that authorizes the appointment of an auditor, clearly contemplates, and the courts have uniformly so held, that his report is admissible in evidence, and is conclusive on all pertinent matters, and cannot be impeached unless excepted to before the trial. Boggs v. State, 46 Tex. 10, 14; Richie v. Levy, 69 Tex. 133, 138, 139, 6 S. W. 685; Harper v. Marion County, 33 Tex. Civ. App. 653, 77 S. W. 1044. This contention and all assignments and propositions relating thereto are overruled.

[6] The contention is made that, in order for plaintiff to have successfully asserted the landlord's lien, it was incumbent upon it to show that it had filed in the office of the county clerk a sworn statement of the amount of the rent due, etc., as required by article 5238, R. S. 1925.

This statute has no application whatever to the case under consideration. Its sole purpose was to protect bona fide purchasers and unsecured or lien creditors of the tenant. This purpose is manifest from the following excerpt from the statute, to wit:

"No lien for rent more than six months past due upon any storehouse or other building rented for commercial purposes shall be valid as against bona fide purchasers or unsecured or lien creditors of said tenant, unless said statement shall be verified, filed and recorded as above provided."

We therefore overrule this contention.

[7] It is further insisted that the judgment on the replevy bond was unauthorized because there was no pleading asking for such relief. No pleading was required. Judgment against the sureties on the replevy bond followed as a matter of law after judgment was rendered against the principal. Article 5232, R. S. 1925; Cabell v. Floyd, 21 Tex. Civ. App. 135, 50 S. W. 478; Tripplett v. Hendricks (Tex. Civ. App.) 212 S. W. 754. This contention is also overruled.

[8] Appellants further contend that the court erred in refusing to render judgment in their favor on their cross-action for damages. This contention, and the attack on the distress proceedings, are based solely on the ground that the affidavit for the distress warrant was defective, in that, it misdescribed the street number of the building in question; that is to say, the affidavit gave the street number as 1016 Elm street, in the city of Dallas, whereas the correct number was 1018. In other respects the premises were definitely described as situated in the county and city of Dallas, state of Texas, the number of the block in which the lot is located was given, the street on which it abuts was mentioned, and it was definitely described by field notes. The location and description of the lot were sufficiently stated in the affidavit, in fact these were given with greater detail and more particularity than the statute exacts. Articles 5227, 5228, R. S. 1925. Furthermore no damages were shown. There is no merit in this contention, and the same is overruled.

After a careful consideration, we overrule all assignments and propositions urged by appellants, and affirm the judgment rendered below.

Affirmed.