## McKINNEY v. COLLINGSWORTH COUNTY et al.

### No. 5394.

Court of Civil Appeals of Texas. Amarillo.

Feb. 16, 1942.

Luther Gribble and R. H. Cocke, both of Wellington, for appellant.

J. R. Porter, of Clarendon, and W. M. Tucker, of Wellington, for appellees.

FOLLEY, Justice.

This suit was filed by the appellant, C. E McKinney, former Sheriff of Collingsworth County, against the appellee, Collingsworth County, to recover certain monthly sums totalling $1,634.25 alleged to have been due him for safekeeping, supporting and maintaining prisoners during 1939 and 1940, while acting as Sheriff of the appellee county. The appellee filed an answer and cross action against the appellant and the New Amsterdam Casualty Company, the surety on the Sheriff's bond, setting up a claim for $4,504.35 alleged to have been due the County from the ap-

pellant for monies received and retained by him in excess of the maximum amounts allowed by law for the years in question. This answer and cross action was based primarily upon the report of an auditor appointed by the court under Article 2292, Vernon's Ann.Civ.St., to audit and state the account between the parties. The appellee alleged that such report showed the appellant indebted to the County in the sum of $4,504.35. In reply to appellee's cross action the appellant denied that the auditor's report showed him so indebted to the County, but on the contrary asserted that it showed the County indebted to him in the sum of $1,387.50 for safekeeping, supporting and maintaining prisoners for 1939 and 1940, for which amount he prayed judgment. The trial was before the court without a jury, and resulted in a judgment for the appellee and against the appellant and the surety company for $1,627.-26. From this judgment the Sheriff only has appealed.

The trial court did not file findings of fact or conclusions of law. Neither the judgment nor the record as a whole discloses the method or the theory used by the court in arriving at the amount of the judgment; nor do the briefs of the parties attempt to reveal the same. However, in view of the uncontroverted testimony of the auditor and of the contents of his report, to which the County filed no exceptions, under no correct theory do we think the judgment rendered may be sustained.

As we understand the auditor's report, as explained by him, it establishes conclusively that the appellee is indebted to the appellant in the sum of $1,387.50 for the safekeeping, support and maintenance of prisoners for the years 1939 and 1940. This amount is represented by $1,165.50 for 1939, and $222 for 1940, such sums having been rejected by the commissioners' court in connection with monthly claims presented by the Sheriff for the years involved. In the $1,387.50 were included the 15¢ per prisoner per day allowed under Section 1 of Article 1040, Vernon's Ann.C.C.P.; and 60¢ per prisoner per day allowed by order of the commissioners' court under Section 2 of the same Article, making a total of 75¢ per prisoner per day. The audit further establishes beyond controversy that the County paid the Sheriff $788.85 too much money on other claims presented to and paid by the commissioners' court for the

safekeeping, support and maintenance of other prisoners not included in the claims rejected. This amount of $788.85 was arrived at by the auditor's subtracting from the amounts allowed and paid the amounts which should have been allowed and paid for the time involved. The report shows that in 1939 the Sheriff received $2,920.50 upon his prisoners' account, but that he should have received only $2,485.50, and that for 1940 he received $2,200.35, but should have been paid only $1,846.50. The difference in overcharge amounts to $435.00 for 1939, and $353.85 for 1940, or the total of $788.85 for the two years. In our judgment, this amount of $788.85 due the County from the Sheriff should be deducted from the $1,387.50 due the Sheriff from the County, which leaves a balance of $598.65 due the Sheriff upon the prisoners' account. Under these conditions, we think it is evident that judgment should have been rendered in appellant's favor for such amount, unless, as contended by the appellee, such recovery would result in appellant's receiving and retaining more fees than are allowed him by law for each of the two years concerned. This contingency, in our opinion, is not only unsupported by the record, but on the contrary is refuted. This fact we shall attempt to demonstrate.

Collingsworth County was on a fee basis for 1939 and 1940. Under such system the Sheriff was allowed to retain $2,400 as the maximum fees stipulated in Section 1 of Article 3883, Vernon's Ann. Civ.St. In addition to this, he was allowed to retain one-third of his "excess fees" as defined by Article 3891, Vernon's Ann. Civ.St., until the one-third, together with the $2,400, amounted to $3,000, which latter amount represented the total which might be received and retained by him under both Articles.

The auditor's report shows the Sheriff was paid $1,000 as ex officio salary for each of the years in question. The report further shows that he received $1,574.57 in fees in 1939, and $1,711.84 in fees in 1940. This makes a total of $2,574.57 for 1939, and $2,711.84 for 1940. There are certain deductions claimed by the Sheriff which were disallowed by the auditor. The Sheriff claimed $1,171.50 as deductible for salaries of deputies in 1939, and $1,147 for the same purpose in 1940, which amounts were disallowed. Also disallowed were his claims for $1,155 for postage,

traveling expenses and car expenses for 1939, and $243 for the same purposes in 1940. The salaries of the deputies were disallowed as deductions by the auditor, apparently because the Sheriff failed to make written application under oath to the commissioners' court for the appointment of such deputies, and because the commissioners' court made no order authorizing their appointment, as required by law. Articles 3902 and 6869, Vernon's Ann.Civ.St. The items for expenses were disallowed by the auditor ostensibly because the Sheriff failed to file his sworn account therefor, as required by Article 3899, Vernon's Ann.Civ.St. However, the auditor did allow $2,445 as authorized deductions for 1939, and $2,435 for 1940, which amounts included the $2,400 maximum fees under Article 3883 for each of the years, plus $45 and $35, respectively, for premiums on surety bonds of the Sheriff paid in 1939 and 1940. No contention is made that these deductions should not be allowed.

▆▆▆ Without allowing the deductions for the deputies and expenses of office, as above outlined, it will be seen that the $2,574.57 received and retained in 1939 exceeded $2,445, the deductions allowable, by $129.57. It will also be seen that the $2,711.84 received and retained in 1940 exceeded $2,435, the deductions allowable, by $276.84. This $129.57 for 1939, and the $276.84 for 1940, would ordinarily amount to excess fees as defined in Article 3891, and the appellant, instead of being entitled to retain the whole, would be entitled to only one-third thereof, as provided in such Article. In view of the uncontradicted testimony of the auditor, however, such sums do not, in our opinion, constitute excess fees. By the auditor's testimony it is conclusively shown that the fees reported as received for the two years contained items which should not have been classified as "fees of office," nor reported as such. Of the $2,920.50 and the $2,200.35 received in 1939 and 1940, respectively, for the care of prisoners, one-fifth thereof represented the 15¢ per prisoner per day for safekeeping prisoners allowed under Section 1 of Article 1040. Thus, one-fifth of $2,920.50, or $584.10, was included in the $1,574.57 reported as received in 1939, and one-fifth of $2,200.35, or $440.07, was included in the $1,711.84 reported as received in 1940. It has been held that such allowances under Section 1 of Article 1040

do not constitute "fees of office" but are mere "perquisites of office" for which the Sheriff is accountable to no one. Hood et al. v. State et al., Tex.Civ.App., 73 S.W.2d 611, 613, writ refused; Binford, Sheriff, v. Harris County et al., Tex.Civ.App., 261 S.W. 535, writ refused; Nolan County v. Yarbrough, Tex.Civ.App., 34 S.W.2d 302; Harris County v. Hammond et al., Tex.Civ. App., 203 S.W. 445, writ refused. It is therefore apparent that the fees reported as received should not have included these amounts, and minus the same, or less one-fifth of the amount that should have been paid, according to the auditor's report, the total receipts and ex officio salary for each of the years would fall below the deductions allowed so as to exclude the accrual of "excess fees" as defined in Article 3891.

There being no excess fees over the deductions allowed, we think the deductions claimed by the Sheriff, and disallowed by the auditor, become immaterial. Such salaries and expenses were borne by the Sheriff and not the County. The County could not rightfully complain of this since no monies to which it was entitled were shown to have been used for the purpose of paying such salaries and expenses.

■ The appellee contends that the appellant failed to discharge the burden of proof placed upon him in order to recover the $1,387.50 upon the prisoners' claims rejected by the commissioners' court. In this connection, it is asserted that the Sheriff failed to prove that the persons named in his accounts presented to, and rejected by, the commissioners' court were actually prisoners or that he made no profit on their maintenance; it being conceded that any profits made under Section 2 of Article 1040 should be reported as fees of office. We think the report of the auditor forecloses this issue against the appellee. The auditor made his audit from the records and reported the sum of $1,387.50 due and unpaid upon the Sheriff's account for the care of prisoners. As above indicated, this report was not excepted to by the appellee. It stands un-impeached in this record by exceptions or evidence, and we think it is binding upon the County. Whitehead v. Perie, 15 Tex. 7; Eagle Manuf'g Co. v. Hanaway, 90 Tex. 581, 40 S.W. 13; Medford et al. v. Red River County, Tex.Civ.App., 84 S.W. 2d 345; Gunst et al. v. Dallas Trust & Savings Bank, Tex.Civ.App., 8 S.W.2d 806; Richie v. Levy, 69 Tex. 133, 6 S.W. 685; Harper et. al. v. Marion County, 33 Tex. Civ.App. 653, 77 S.W. 1044, writ refused.

■ As a defense to the repayment of the $788.85 shown by the audit as wrongfully paid to the Sheriff, the latter asserts that the payment of such sum by the commissioners' court had the effect of a judgment which is conclusive and, as such, may not be collaterally attacked. With this contention we are not in accord. If the commissioners' court ordered the accounts paid, when under the law and facts the County was not liable therefor, the commissioners' court exceeded its jurisdiction and its acts were void and thus subject to collateral attack. Hardy et al. v. Lubbock County, Tex.Civ.App., 89 S.W.2d 240; Jeff Davis County v. Davis et al., Tex.Civ.App., 192 S.W. 291, writ refused; Polk, County Judge, v. Roebuck et al., Tex.Civ.App., 184 S.W. 513.

■ The rule seems to be that in an appeal by the principal from a judgment against him and his surety, a reversal as to the principal reverses the judgment in toto, since the liability of the surety is dependent upon the liability of the principal. 3 Tex.Jur. 1155, par. 813; Adams v. Houston Nat. Bank, Tex.Com.App., 1 S.W. 2d 878, 881; Hamilton et al. v. Prescott, 73 Tex. 565, 11 S.W. 548. Therefore; since the judgment must be reversed in behalf of the principal, it must be reversed in toto although the surety did not appeal.

The judgment is reversed and here rendered that the appellee county take nothing against the appellant sheriff or his surety, and that the appellant recover from the appellee county the sum of $598.65 with his costs.

Reversed and rendered.