BUPP & ROBBINS v. J. F. O'CONNOR & Co.

No. 30.

1. **Evidence—Auditor's Report.**—An auditor's report is conclusive only as to the items not excepted to. It eliminates from the contest the undisputed items on either side, and narrows the issue to the point actually in dispute.

2. **Evidence—Books of Account.**—Before books of account are admissible in evidence, it must be shown that they contain the daily record of the business of the person for whom they are kept, as it transpires from day to day between himself and customers, and that the entries therein are original entries, made contemporaneously with the transaction of the business which they are intended to evidence.

3. **Practice on Appeal — Statement of Facts.** — Where error is assigned as to the admission or exclusion of evidence, the appellate court should be furnished with a full statement of the facts proven on the trial, or at least the bill of exceptions should show with certainty the materiality of the evidence when considered in connection with all that has been proved upon the trial.

4. **Parol Evidence to Vary Writing.**—Where there is a written contract, parol evidence of a contemporaneous matter appearing to be part of the same agreement is not admissible in the absence of an allegation of fraud, accident, or mistake.

APPEAL from Hood.    Tried below before Hon. C. K. BELL.

*Thomas T. Ewell,* for appellants.—1. After a motion to set aside an auditor's report has been overruled, it is conclusive of all matters upon which it shows that he admitted and heard evidence and thereupon reported his conclusions, unless it appears that his acts were irregular as to any item or items, and then only such items are the subject of further proof.    Rev. Stats., art. 1473; Kendall v. Hackworth, 66 Texas, 506; Richie v. Levy, 69 Texas, 133; Boggs v. State, 46 Texas, 10; Whitehead v. Perie, 15 Texas, 7; Barkley v. Tarrant County, 53 Texas, 252; Dwyer v. Kalteyer, 68 Texas, 554.

2. The court erred in admitting plaintiffs' book entries to establish their account, over objections that such was not the best evidence, and that no sufficient predicate had been laid therefor.    Railway v. Johnson, 72 Texas, 95; Holland v. Bank, 36 N. W. Rep., 113.

3. A parol contract may be added to a written one without contradicting the written, and the two may stand together, though entered into simultaneously, where one is the inducement to the other.    Preston v. Breedlove, 36 Texas, 96; Wanner v. Landis, 137 Pa. St., 61; 67 Md. 350; State v. Green, 100 N. C., 419; Redfield v. Gleason, 61 Vt., 220; 29 Gratt., 255; 27 Ark., 510; 36 Md., 154; 11 Pa. St., 233; Thomas v. Loose, 114 Pa. St., 35; Cullmans v. Lindsay, 114 Pa. St., 166; Walker v. France, 112 Pa. St., 203; 147 Mass., 46; 10 Cush., 267; 98 N. Y., 288; Bish. on Con., secs. 164, 166, 167, 168 (notes), 172; 59 Texas, 116.

No brief for appellees has reached the Reporter.

HEAD, ASSOCIATE JUSTICE.—Appellees brought this suit as plaintiffs in the court below, to recover of appellants a balance of $614.13, with interest at 8 per cent per annum, alleged to be due them upon an open account.   Appellants answered, in effect, that they took a contract to do certain railway grading for appellees, and that appellees agreed to advance tools, money, supplies, etc., to them during the prosecution of the work, and after the principal part of the work had been completed, appellees refused to comply with their part of the contract, and appellants, being unable to complete the same without such assistance, were by such refusal caused damage in a considerable sum.   The accounts between the parties being voluminous, an auditor was appointed by the court, who filed his report, showing a balance due appellants of $93.90.   After moving to strike out the report of the auditor, which was overruled by the court, appellees filed exceptions to the different items complained of by them in the report, and the whole case was submitted under the charge of the court to the jury, who found a verdict in favor of appellees for $235.27, and from the judgment rendered thereon this appeal is prosecuted.   No statement of facts accompanies the record.

Appellants, under their first assignment of error, present the proposition that "after a motion to set aside an auditor's report has been overruled, such report is conclusive of all matters upon which it shows that the auditor admitted and heard evidence, and thereupon reported his conclusions, unless it appears that the auditor's acts were irregular as to some item or items, and then only such items are subject to further proof."

After the court had overruled their motion to exclude the auditor's report altogether, appellees, with great particularity, filed their exceptions to different items in the report, and we are of opinion that the practice adopted was in all things in compliance with our statute and decisions, and that appellees did all that they were required to do to secure a trial by jury upon the disputed items in their account.   In authorizing the appointment of an auditor in cases involving complicated accounts, it was not the intention of the Legislature to deprive the parties of the right to secure a jury trial upon the disputed items; but as said in Kempner v. Galveston County, 76 Texas, 457, quoting from Dwyer v. Kalteyer, 68 Texas, 554, "The purpose of the appointment of an auditor is to have an account so made up that the undisputed items upon either side may be eliminated from the contest and the issue thereby narrowed to the points actually in dispute.   The items of an account in an auditor's report not excepted to by either party are conclusive, but as to such as are excepted to the report is without effect."

In Richie v. Levy, 69 Texas, 138, the practice and effect of appointing an auditor under our statute is also reviewed at length.   We are there-

fore of the opinion that an auditor's report is only conclusive as to the items not excepted to, and that the court did not err in submitting the contested items to the decision of the jury.

Upon the trial appellees were permitted to introduce in evidence their books of account, to which appellants objected, on the ground that no sufficient predicate for their introduction had been laid. In Baldridge v. Penland, 68 Texas, 443, the admissibility of such books is very fully considered, and in that case, in order to make them admissible, it is said: " 1.   It must be shown that the books offered contained the daily record of the business of the person for whom they are kept as it transpires from day to day between himself and customers, and that the entries therein are original entries, made contemporaneously with the transaction of the business which the entries are intended to evidence.    2.   The entries must relate to the business carried on by the person for whom the books are kept, and not to matters in no way connected with that business.    3.   The entries must be sufficient to show with reasonable certainty what thing is made the basis of the charge.    4.   The book must be on its face regular, and the entries free from suspicion or alteration.    5.   The person offering such books, if they be kept by himself, must ordinarily, if living, make oath to their correctness; and we think further, that he should be held to make proof tending to show his probity and fair dealing; as that the accounts of other persons kept in the same manner are usually found correct, or so treated by his customers."    To the same effect is Underwood v. Parrott, 2 Texas, 168.

The bill of exceptions incorporated in the record hardly shows a sufficient compliance by appellees with the requirements of the law to make their books admissible.    We are unable to see from their bill of exceptions that the books offered were the books of original entries, or that the entries therein were made contemporaneously with the transaction, or that the books appeared fair and regular upon their face.    But we are of opinion that it would not be proper for us to treat this bill of exceptions as containing a full account of all the evidence introduced in the case, which could have been considered in connection with these books, and that in the absence of a statement of facts from which we could tell with certainty that the appellants had been injured by this action of the court, we would not be authorized to reverse the cause.    Lockett v. Schurenberg, 60 Texas, 610.    In fact, this bill of exceptions shows that one Merriweather, who assisted in keeping these books, was present at the trial, and, so far as we can tell from the record, he may have fully proven up this account without reference to the books, so as to make the evidence complained of immaterial.    The case in 60 Texas, cited above, will be found to contain a full review of the authorities illustrating the practice of the Supreme Court in this State where no statement of facts accompa-

nies the record and an error is assigned to the admission or exclusion of evidence.

The contract between appellants and appellees for doing work upon the railroad was in writing, but nothing was said therein as to the agreement on the part of appellees to furnish appellants with supplies, etc., as alleged in their answer. It is not pretended but that this part of the contract was entered into contemporaneously with the written one and was a part of the same agreement, and no allegations of fraud, accident, or mistake are made to explain why it was not incorporated in the writing. Under these circumstances, we are of the opinion that the court did not err in refusing to admit evidence as to such contemporaneous verbal contract. See Rubrecht v. Powers, decided by this court at its present term, and authorities therein cited. In the absence of a statement of facts we are unable to see that there was any error in the action of the court in excluding the evidence offered by appellants as to the relative cost of the different parts of the work they had undertaken to do. We believe that before a court should feel authorized to reverse a case for alleged error in the admission or exclusion of evidence, it should be furnished with a full statement of the facts proven on the trial; or at least the bill of exceptions should show with certainty the materiality of the evidence when considered in connection with all that had been proven upon the trial. It would certainly be a dangerous practice for appellate courts to undertake to act upon abstract questions of this kind without being furnished with sufficient data in the record to enable it to decide upon the importance of the question in reference to the whole case.

We are of opinion that the judgment of the court below should be in all things affirmed.

*Affirmed.*

Delivered November 15, 1892.