(36 Misc. Rep. 150.)

### GORSE v. LYNCH.

(Supreme Court, Appellate Term. October, 1901.)

**1. ENTIRE CONTRACT.**

An agreement to dissolve a firm on or before March 1, 1900, and for the division of the net profits, with a provision that the continuing partner shall, before such date, pay the outgoing partner $2,000 for the good will of the business, in addition to such partner's share of the profits, is an entire contract, which can only be enforced in its entirety.

**2. CITY COURT—JURISDICTION.**

The city court of New York has no jurisdiction of an action involving an accounting.

Appeal from city court of New York, general term.

Action by Arthur H. Gorse against Franklin Lynch. From a judgment of the general term (72 N. Y. Supp. 1105) affirming the judgment of the trial term entered on a verdict directed in favor of plaintiff, defendant appeals. Reversed. .

Argued before FREEDMAN, P. J., and McADAM and GILDER-SLEEVE, JJ.

Francis B. Chedsey, for appellant.

F. De Lysle Smith, for respondent.

FREEDMAN, P. J. This action was brought upon a written agreement made between the defendant and one Tice, the plaintiff's assignor. The testimony discloses the following facts: Prior to January 31, 1900, Tice and the defendant were co-partners engaged in the business of custom house brokers. Circumstances necessitated the dissolution of such partnership, and the agreement above mentioned was made and entered into. So much of that agreement as is material to the determination of this action is as follows:

"(1) That the said firm of Tice & Lynch be dissolved upon January 31st, 1900, midnight, and that the business of closing and liquidating the business of said firm of Tice & Lynch shall be conducted by both of the said parties hereto at No. 45 William street, borough of Manhattan, N. Y. City, the present office of the said firm; said liquidating to be prosecuted and closed with all diligence and on or before March 1st, 1900. (2) The said George W. Tice, party of the first part, for and in consideration of the sum of two thousand dollars to be paid to him by the said Franklin Lynch, party of the second part, on or before March 1st, 1900, hereby agrees to permit the said Franklin Lynch to continue the use of his proposed business of custom house broker and the firm name of Tice & Lynch, and to sell, assign, transfer, and set over to said Lynch the good will of the said business; and the said Lynch hereby agrees to pay the said sum of $2,000 to said George W. Tice on or before March 1st, 1900, for the good will of the said present firm of Tice & Lynch as herein in this section 2 provided, which sum shall be over and above and in addition to the share of the property and the net profits arising from the dissolution of the said business and apportioned to said Tice as provided by section 1 of this agreement."

On the 2d day of April, 1900, Tice assigned his claim to the $2,000 under this agreement to this plaintiff. The plaintiff began this action on the 8th day of June, 1900, setting forth in his complaint that portion of the dissolution agreement only which called for the payment of the $2,000. The defendant, in his answer, set forth the provisions of the whole instrument; denied that Tice had performed on his part thereunder; averred that the liquidation had proceeded under the said agreement, and that it had been ascertained that said Tice had received from the net profits of said copartnership business upwards of $4,769 in excess of his share, which excess was due upon such liquidation, and as part thereof, by said Tice to this defendant, less the sum of $2,000 to be credited to him and charged to this defendant for the good will of said firm's business and the right to use the partnership name; also that the defendant was not a resident of this state, had no property here, and was insolvent; and that, unless the moneys due by said Tice to the defendant were set off in extinguishment of the plaintiff's claim, the amount would be lost to the defendant. The defendant also set up that at the time of the commencement of this action an action was pending in the supreme court of this state, commenced by the defendant as plaintiff against Tice, to compel him to perform his part of said agreement, and to liquidate and distribute the net profits of said firm; and that said action was still pending and undetermined. The claim of the plaintiff is that paragraph 2 of the dissolution agreement is an independent provision, in no wise dependent upon the other several and separate agreements contained therein, and is enforceable in this action, brought specifically for that purpose, without regard to the other separate and distinct agreements. This was the view taken by the trial and general terms of the city court. The trial judge excluded all testimony tending to prove an account stated in pursuance of the agreement, and all evidence to show the real state of the accounts between Tice and the defendant, but admitted proof of the pendency of the action in the supreme court aforesaid for an accounting between Tice and Lynch of their partnership affairs, and that such action was pending and undetermined. At the close of

the case the court directed the jury to render a verdict in favor of the plaintiff for the sum claimed.

The position taken by the plaintiff and sustained by the court is untenable. A contract is entire when, by its terms, nature, and purposes, it contemplates and intends that each and all its parts and mutual promises are common each to the other and interdependent. 7 Am. & Eng. Enc. Law (2d Ed.) 95, and cases cited. The question depends largely upon the intent of the parties as determined from the language of the contract and the subject-matter of it. Id. Judging the contract in the case at bar by this test, it will be seen that the subject-matter was all relating to the partnership business. It was an executory contract, mutual and dependent in its terms, calling upon each party to perform at the same time certain acts for the benefit of each other. It was entire and indivisible, having for its object the dissolution of the firm, the payment of the firm's debts, because "net profits" means profits remaining after payment of all debts due from the firm, and the apportionment of such profits according to the rights of the respective parties, together with the payment by Lynch of the sum of $2,000 for the good will of the business, and all to be completed on March 1, 1900. It is not to be assumed that it was the intent of the partners to provide by the dissolution agreement that upon the day the exact situation of the affairs of the partnership business was ascertained Lynch should be required to pay to Tice the sum of $2,000, without regard to whether or not Tice had received from the net profits and assets of the firm a sum in excess of his just proportion. Such a construction would be strained, unjust, and inequitable. The good-will of a business is part of its assets, and may be sold as such. It is undisputed that at the time of the trial there was, and still is, a suit pending in the supreme court between Tice and Lynch for an accounting and liquidation which should be done by March 1, 1900, and the meaning and intent of the parties to that agreement evidently was that on that day, when the exact amount of the "net profits" should have been ascertained, and each share apportioned according to the provisions of the said agreement, Tice should be credited and Lynch should be charged with the sum of $2,000 for the business taken over by him. If the contract is entire, it can only be enforced in its entirety. 7 Am. & Eng. Enc. Law (2d Ed.) 96. It follows, then, that Tice could not have maintained an action based solely upon that portion of the dissolution agreement referred to, and his assignee is in no better position than his principal.

The city court, not having equity powers and jurisdiction, was incompetent to try the case under the contract, and the refusal of the court to dismiss the complaint upon the motion of the defendant's attorney, made both at the close of the plaintiff's case and at the close of the whole case, and the direction to the jury to find a verdict for the plaintiff, was error.

Judgment reversed, with costs. All concur.