## JOHN M. HARPER ET AL. v. MARION COUNTY.

### Decided December 5, 1903.

**1.—County Treasurer—Statements in Report—Evidence—Sureties.**

A statement in the report of a county treasurer of the balance on hand at the time of making the report is not required by the law to be made by him, and is not admissible in evidence against his sureties.

**2.—Auditor's Report—Finding—Additional Statements Not Affecting.**

Where, in an action against a county treasurer and his sureties, an auditor's report stated that the treasurer's report to the commissioners court "shows that he received from the county tax collector, on account of bonds and interest from all told $1682.56," this was a distinct finding by the auditor that the treasurer had received that amount, and, the auditor's report not having been excepted to, made a prima facie case against the sureties for that amount, and such finding was not affected by additional statements in the auditor's report of the amount shown to be on hand in the treasurer's report to the commissioners court and of admissions made in an exhibit attached to the treasurer's pleading in the case.

**3.—Same—Conclusiveness.**

The auditor's report, not having been excepted to, was conclusive, and evidence to contradict it was not admissible.

**4.—Trial—Evidence After Argument Begun.**

It is within the discretion of the trial judge to admit testimony after the evidence has been closed and the argument begun, and unless the record shows there has been an abuse of such discretion his action will not constitute reversible error.

**5.—Auditor's Report—Receipts of County Treasurer—Evidence.**

Evidence that a county treasurer received certain school fund moneys from the State between December 30, 1896, and March 23, 1897, does not contradict the statement in an auditor's report that such moneys were received between December 5, 1896, and March 23, 1897, since both may be true.

**6.—Evidence—School Fund Warrants Drawn by State Comptroller—Copies.**

In an action against a county treasurer and his sureties the amount of the school fund received by such treasurer could be shown by deposition of the State Comptroller having attached thereto copies of warrants drawn by his predecessor for the school fund of the years in question in favor of the county treasurer upon the county tax collector, showing receipt of their amounts by the county treasurer indorsed thereon, such warrants with their indorsements being kept by the Comptroller in the performance of his official duties and being archives of his office. There was no error in also admitting in evidence a statement of the account of the county treasurer kept in the office of the State Treasurer and certified to by him as correct.

Appeal from the District Court of Marion. Tried below before Hon. J. M. Talbot.

*L. S. Schluter,* for appellants.

*Armistead & Prendergast* and *J. F. Jones,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by Marion County against John M. Harper and the sureties on three separate bonds, executed by him for the school fund as county treasurer, to recover moneys alleged to have been collected by him and for which he failed to account. A trial resulted in a judgment against the sureties on the third bond, to wit, T. H. Stallcup and D. N. Alley, to reverse which they have prosecuted this appeal.

On the 30th of December, 1895, John M. Harper was appointed by the Commissioners Court of Marion County as county treasurer of that

county, and on January 6, 1896, he executed his bond and duly qualified. Thereafter one of the sureties on his bond for the school fund desired to withdraw from said bond, and on the 11th day of February, 1896, Harper executed a new bond for the school fund, which was filed and approved on the same day.

At the election held in November, 1896, John M. Harper was elected as his own successor to the office of county treasurer of Marion County. He presented to the Commissioners Court his official bond and his bond for the school fund on December 5, 1896, which bonds were approved on December 30, 1896, on which day he qualified.

Thereafter, on March 23, 1897, Harper was removed from office, and this suit was filed on December 2, 1897. On the 9th day of June, 1902, on application of the defendants, an auditor was appointed by the court, and he was authorized "to hear evidence upon due notice to the parties, and state the account between the plaintiff and the defendants in this cause, confining himself to a statement of the account and of the facts upon which he bases his statement, without any conclusions of law upon the facts so found by him, and that he make and file with the clerk of this court his report at least twenty days before the first day of the next term of this court."

The auditor filed his report in accordance with the order appointing him. No objections were filed by either party to the report. At the close of the testimony the court instructed a verdict for plaintiff, and judgment accordingly followed.

*Opinion.*—1. Upon the trial appellants objected to the introduction in evidence of the following parts of the auditor's report: "Harper is not chargeable with the $3360 as alleged by the plaintiff to have been paid him by J. C. Hart, tax collector of Marion County, for taxes levied by Marion County to pay the interest on the bonds held by the school fund for the years 1895, 1896 and 1897, except the sum of $1680, which he admits to have received as shown by exhibit A to his answer, filed herein January 8, 1898, and which I have charged to his debit as here-inbefore shown. There is no proof, except from his own admission, that he had received any interest on said bonds; his report as treasurer of Marion County to the Commissioners Court of said county shows that he received from J. C. Hart, tax collector of Marion County, on account of bonds and interest from all told $1682.56, and that amount was still reported on hand in his last report to the Commissioners Court in 1897."

It is insisted that the sureties are not bound by statements made in the reports of Harper as treasurer, not required by law, such as the statement of the amount of money on hand, and that such statements are not prima facie evidence against the sureties. It is held that the statement in the report of a county treasurer of the balance on hand at the time of making his report, is not required by the law to be made by him, and is not admissible in evidence against the sureties. Coe v. Nash, 91 Texas, 113.

The auditor's report does state that Harper's report to the Commissioners Court "shows that he received from J. C. Hart, tax collector of Marion County, on account of bonds and interest from all told $1682.56." Here is a distinct finding by the auditor that Harper had received that amount, and the auditor's report, not having been excepted to, made a prima facie case against the sureties for such amount. This finding is not affected by the additional statement of the amount shown to be on hand in his report to the Commissioners Court, or the admission made in the exhibit attached to his pleading. Had these statements and admissions been excluded, the result must have been the same. We hold that if there was error in not sustaining the exception to the admission made in the exhibit attached to his pleading and the statement made in his report to the Commissioners Court, showing the balance on hand, the same was harmless.

There was no error in excluding the report of John M. Harper upon which the auditor based his finding that Harper had received $1682.56 from J. C. Hart, tax collector of Marion County, on account of bonds and interest. The purpose for which this report was offered was to contradict the auditor's report. That report, not having been excepted to, was conclusive, and could not be contradicted. Whitehead v. Perie, 15 Texas, 7; Boggs v. State, 46 Texas, 10; Earle Mfg. Co. v. Hanaway, 91 Texas, 581.

For the same reason there was no error in excluding the receipt of Rowell, successor as county treasurer to Harper. This receipt tended to contradict the auditor's report, and it does not show out of what fund the money paid on said vouchers arose.

2. After the evidence was closed and the argument begun the plaintiff asked permission to introduce in evidence the depositions of R. M. Love and J. W. Robbins, then on file. To this counsel for Stallcup and Alley objected, because the effect and purpose of said testimony is to supplement, amend and contradict the auditor's report, and because the original report fixed no liability on these defendants, and the effect of the proof was to fix such liability, in that it is shown by the auditor's report that between the 5th day of December, 1896, and the 23d day of March, 1897, said Harper had received $6342.13, and by the depositions offered in evidence it was shown that said sum was received between December 30, 1896, and March 23, 1897, and that said Harper received no part of said sum between December 5, 1896, and December 30, 1896. It was further objected that the testimony comes too late, and plaintiff had filed no objections to the auditor's report.

It is held that it is within the discretion of the trial judge to admit testimony after the evidence has been closed and the argument begun, and unless the record shows that there has been an abuse of such discretion his action will not constitute reversible error. Railway Co. v. Holliday, 65 Texas, 519; Railway Co. v. Johnson, 5 Texas Civ. App., 24. It does not appear that there was any abuse of discretion in this case.

The plaintiff, not having excepted to the auditor's report, could not introduce evidence to contradict it. Does the evidence offered and admitted contradict the auditor's report? As stated in the exception, the auditor's report showed that between the 5th day of December, 1896, and the 23d day of March, 1897, Harper had received available school funds in the sum of $6342.13, while the depositions read in evidence showed that said sum was received between December 30, 1896, and March 23, 1897, and that no part of said sum was received between December 5, 1896, and December 30, 1896. The purpose of the testimony was to show that the account of Harper stood the same on December 30, 1896, that it did on December 5, 1896. This evidence did not contradict the auditor's report. Evidence that Harper received from the State certain moneys between December 30, 1896, and March 23, 1897, does not contradict a statement that such moneys were received between December 5, 1896, and March 23, 1897. Both statements are consistent, and in this case both are true. The fact that on December 30, 1896, a new bond was approved, and that the effect of the testimony was to place liability for the defalcation on the makers of that bond, can not affect the question. The bond was filed with the Commissioners Court on December 5, 1896, and the report of the auditor showed the condition of Harper's account on that day, while the bond was not approved and did not become effective until December 30, 1896. The testimony of Love and Robbins showed that the account stood the same on December 30, 1896, that it did on December 5, 1896. There was no error in admitting the testimony.

3. In their sixth assignment of error appellants complain of the action of the court in overruling their exceptions and in admitting in evidence exhibits A and B, attached to the deposition of R. M. Love. These exhibits purport to be copies of warrants drawn by R. W. Finley, Comptroller, on the tax collector of Marion County, commanding him to pay the amounts specified therein to John M. Harper, county treasurer of said county. The first warrant is dated September 1, 1895, and is for $3000. On the back thereof is a receipt of John M. Harper showing that he received from J. C. Hart, tax collector of Marion County, the amount of said warrant, during the months of March and April, 1896. The second exhibit was a copy of a warrant similarly drawn, dated September 1, 1896, for $2800. On the back of this is the receipt of John M. Harper as treasurer, showing that he received the amount thereof from J. C. Hart, tax collector of Marion County, between February 1, 1897, and March 23, 1897. Across the back of each of these warrants in red ink appears the words, "Marked paid. Comptroller."

The objection to the admission of these coupons or warrants and the indorsements thereon, was that they are immaterial and irrelevant, and that they purport to show the status of Harper's account in his capacity as county treasurer as taken from certain books, and it is not shown that said books were correctly kept, or that the witness knew of the transac-

tion himself, but that he did not know who made said entries, and in order to render said exhibits, coupons and statements admissible, it ought to be first shown that the books from which the same were taken were correctly kept, and that the entries therein made are correct entries. They further objected on the ground that they tended to contradict the auditor's report made in this cause and filed in this court, and that no objection had been filed by the plaintiff to said report, and that the same did contradict said report, and that the evidence, after the case was closed upon the facts, came too late.

We are of the opinion the evidence is not subject to the exceptions made. The objection made does not comprehend an exception that the warrants show upon their face that they were drawn for the apportionment for the school year beginning September 1, 1901, and ending August 31, 1902, and not for the school year beginning September 1, 1895, and ending August 31, 1896, and the school year beginning September 1, 1896, and ending August 31, 1897, as contended by plaintiff.

However, if such exception had been made, we do not believe there was error in admitting the testimony. It seems the deposition of Love was taken in 1901 or 1902. In each of the certificates to the copies of the warrants appears the statement that the warrant is for the school fund for the year beginning September 1, 1901, and ending August 31, 1902. This is clearly a mistake. It arose presumably by the witness using the printed blanks for that year in preparing copies of the warrants. The first warrant having been drawn by R. W. Finley, Comptroller, and dated September 1, 1895, and paid in March or April, 1896, by J. C. Hart, tax collector of Marion County, to John M. Harper, county treasurer of Marion County, shows that it must have been for the school year beginning September 1, 1895, and ending August 31, 1896. For similar reasons the second warrant was for the year beginning September 1, 1896, and ending August 31, 1897.

It is further contended that the warrants and the indorsements thereon are not admissible in evidence because it is not shown that they are correct, and it is shown that the witness Love had no personal knowledge of the facts. These warrants and the indorsements thereon were kept by the Comptroller in the performance of duties imposed upon him by law, and became archives of his office, and it was competent for him to testify in reference thereto and to furnish certified copies thereof, and such certified copies were admissible in evidence. For the same reasons there was no error in admitting in evidence the statement of the account of John M. Harper, as county treasurer, kept in the office of the State Treasurer and certified to by him as correct. There was no error in instructing a verdict, the evidence of the defalcation and amount thereof, as shown by the auditor's report, being undisputed.

The assignments not discussed were not believed to be meritorious, and are overruled.

The judgment is affirmed.

*Affirmed.*