**MEDFORD et al. v. RED RIVER COUNTY.**

No. 3201.

Court of Civil Appeals of Texas. El Paso.

May 23, 1935.

Rehearing Denied June 27, 1935.

346

Lennox & Lennox and A. L. Robbins, all of Clarksville, and R. T. Bailey, of Dallas, for appellants.

Pat Beadle and B. F. Edwards, both of Clarksville, Wm. Hodges, of Texarkana, and Cecil L. Simpson, of Dallas, for appellees.

WALTHALL, Justice.

This suit was brought by the state of Texas and Red River county, as plaintiffs, under article 1991, of the Revised Civil Statutes of Texas, 1925, against Raymond L. Medford, on his bonds as tax collector of Red River county, and the American Indemnity Company, as his surety, as defendants. The original petition was filed on the 31st day of December, 1932, in the district court of Dallas county, Tex., and was transferred on a plea of privilege to Red River county where the suit was tried and a final judgment was rendered against each of defendants, jointly and severally, in the principal sum of $11,742.23, and interest from the date of judgment, and costs of suit. Defendants filed pleas in abatement, exceptions, and by answer joined issues on the merits of the suit as pleaded by plaintiffs. The case went to trial before a jury, and after some documentary evidence consisting of defendant's monthly and fiscal reports as tax collector, the trial court, on motion of plaintiffs, appointed an auditor to ascertain and report to the court the amount due by defendant, R. L. Medford, collector of taxes, as shown by his reports, official documents, etc., and the trial was temporarily suspended. After the auditor's report was made, the trial was resumed; objections were filed by defendants to the auditor's report, which objections were by the court overruled; the auditor's report was filed, and the plaintiffs were permitted to amend their pleadings by some interlineations; on motion of plaintiffs the court dismissed the jury, and the case was then tried before the court without a jury and judgment rendered.

Opinion.

We will designate the parties, respectively, plaintiffs and defendants, as in the pleadings.

The trial court made and filed findings of fact and conclusions of law, and made additional finding requested by defendants, and embraced in said findings is included the auditor's report. While said findings are lengthy, we think to copy it here as it embraces about the whole case.

"I.

"Raymond L. Medford, one of the defendants herein, was the duly elected, qualified and acting tax collector of taxes for Red River County, Texas, during the years 1927, 1928, 1929 and 1930. On or about the first day of January, 1927, in the form and manner required by law Raymond L. Medford as tax collector together with the defendant, American Indemnity Company, as his surety, executed a bond as such tax collector in the sum of Thirty-One Thousand Seven Hundred Ten Dollars and Eighty-Five Cents ($31,710.85) payable to the county judge of Red River County and his successor in office, and was conditioned as required by law. Said bond was thereafter duly and legally approved by the proper authority as required by law, and on the first day of January, 1927, Raymond L. Medford took the oath of office and qualified as tax collector of Red River County, Texas, in the manner required by law, and thereafter entered upon the performance of his duties as tax collector and continued as such until the expiration of that term of two years.

"On or about the ——— day of November, 1928, at a general election held for the purpose of electing state, county and other officers, said Raymond L. Medford was reelected to the office of tax collector, and thereafter on or about the 20th day of December, 1928, said Medford, together with the American Indemnity Company, defendant herein, executed and delivered a bond payable to the County Judge of Red River County, Texas, and his successors in office, in the sum of Thirty Thousand Seven Hundred Eighty-Six Dollars and Forty Cents ($30,786.40) conditioned as required by law; that said bond was duly and legally approved by the proper authority and hereafter duly recorded as required by law. On the first day of January, 1929, said defendant, Raymond L. Medford, in the manner required by law took the oath of office and

duly qualified as tax collector of Red River County, Texas; that he thereafter entered upon the duties of said office as tax collector of said County and continued as such until the expiration of his term of office on December 31st, 1930.

"II.

"I find that for and during the year 1928 said Raymond L. Medford received as fees and commissions of office for assessing and collecting taxes for the State of Texas, including taxes on motor vehicles, the sum of Three Thousand Six Hundred Eighty-Five Dollars and Eighty-Two Cents ($3,-685.82) for which he was required by law to account in reporting his fees of office.

"I find that for and during the year 1928 said Raymond L. Medford received as fees and commissions of office for assessing and collecting taxes for the County of Red River, including taxes collected for schools, school districts, road districts, levee districts and other municipalities situated in Red River County, and the taxes on motor vehicles payable to Red River County, the aggregate sum of Four Thousand Eight Hundred Ninety-Seven Dollars and Thirty-Two Cents ($4,897.32), for which he was required by law to account in reporting his fees of office; that the total of fees collected during the year 1928 for the State and County amounted to Eight Thousand Five Hundred Eighty-Three Dollars and Fourteen Cents ($8,583.14).

"I further find that the deductions which said Raymond L. Medford was entitled to make from the above stated amount for salary for himself, deputy hire and other expenses, including one-fourth (¼) of excess fees due the collector, and the amount of excess fees paid to the County, amounted to the sum of Six Thousand Six Hundred Nine Dollars and Nine Cents ($6,-609.09), leaving a balance of One Thousand Nine Hundred Seventy-Four Dollars and Five Cents ($1,917.05) of excess fees now due the County of Red River for which said Raymond L. Medford has never accounted to said County or any of its officers.

"I further find that during the year 1928 said Raymond L. Medford retained as fees and commissions the further sum of Three Hundred Eighty Dollars and Forty-Four Cents ($380.44) to which he was not entitled in law and which he has never accounted for to the County of Red River. This last amount when added to the above makes an aggregate sum of Two Thousand

Three Hundred Fifty-Four Dollars and Forty-Nine Cents ($2,354.49) which was and is due to the County of Red River from Raymond L. Medford for excess fees and commissions collected and retained by him for the year 1928.

"III.

"I find that for and during the year 1929 said Raymond L. Medford received as fees and commissions of office for assessing and collecting taxes for the State of Texas, including taxes on Motor vehicles, the sum of Three Thousand Six Hundred Seventy-Nine Dollars and Forty-Nine Cents ($3,-679.49) for which he was required by law to account in reporting his fees of office.

"I find that for and during the year 1929 said Raymond L. Medford received as fees and commissions of office for assessing and collecting taxes for the County of Red River, including taxes collected for schools, school districts, road districts, levee districts and other municipalities situated in Red River County, and the taxes on motor vehicles payable to Red River County, the aggregate sum of Five Thousand Ninety-Six Dollars and Sixty-One Cents ($5,-096.61), for which he was required by law to account in reporting his fees of office; that the total of fees collected during the year 1929 for the State and County amounted to Eight Thousand Seven Hundred Seventy-Six Dollars and Ten Cents ($8,-776.10).

"I further find that the deductions which said Raymond L. Medford was entitled to make from the above stated amount for salary for himself, deputy hire and other expenses, including one-fourth (¼) of excess fees due the collector and the amount of excess paid to the county, amounted to the sum of Seven Thousand Four Hundred Eighteen Dollars and Ninety-Eight Cents ($7,418.98), leaving a balance of One Thousand Three Hundred Fifty-Seven Dollars and Twelve Cents ($1,357.12) of excess fees now due the County of Red River for which said Raymond L. Medford has never accounted to said County or any of its officers.

"I further find that during the year 1929 said Raymond L. Medford retained as fees and commissions the further sum of Six Hundred Ninety-Five Dollars and Sixty-Four Cents ($695.64) to which he was not entitled in law and which he has never accounted for to the County of Red River. This last amount when added to the above makes an aggregate sum of Two Thou-

sand Fifty-Two Dollars and Seventy-Six Cents ($2,052.76) which was and is still due to the County of Red River from Raymond L. Medford for excess fees and commissions collected and retained by him for the year 1929.

"I find that for and during the year 1930 said Raymond L. Medford received as fees and commissions of office for assessing and collecting taxes for the State of Texas, including taxes on motor vehicles, the sum of Two Thousand Five Hundred Fifty-Six Dollars and Forty-Eight Cents ($2,556.48) for which he was required by law to account in reporting his fees of office.

"I find that for and during the year 1930 said Raymond L. Medford received as fees and commissions of office for assessing and collecting taxes for the County of Red River, including taxes collected for schools, school districts, road districts, levee districts and other municipalities situated in Red River County, and the taxes on motor vehicles payable to Red River County, the aggregate sum of Five Thousand Five Hundred Ninety-One Dollars and Twenty-Nine Cents ($5,591.29), for which he was required by law to account in reporting his fees of office; that the total fees collected during the year 1930 for the State and County amounted to Eight Thousand One Hundred Forty-Seven Dollars and Seventy-Four Cents ($8,147.74).

"I further find that the deductions which said Raymond L. Medford was entitled to make from the above stated amount for salary for himself, deputy hire and other expenses, including one-fourth (¼) of excess fees due the collector, and the amount of excess fees paid to the County, amounted to the sum of Six Thousand Dollars and Eighty-Seven Cents ($6,000.87) leaving a balance of Two Thousand One Hundred Forty-Six Dollars and Ninety Cents ($2,146.90) of excess fees now due the County of Red River for which said Raymond L. Medford has never accounted to said County or any of its officers.

"I further find that during the year 1930 said Raymond L. Medford retained as fees and commissions the further sum of Seven Hundred Eighteen Dollars and Ninety-Two Cents ($718.92) to which he was not entitled in law, and which he has never accounted for to the County of Red River. This last amount when added to the above makes an aggregate sum of Two Thousand Eight Hundred Sixty-Five Dollars and Eighty-Two Cents ($2,865.82) which was and is due to the County of Red River from Raymond L. Medford as fees and commissions collected and retained by him for the year 1930.

"V.

"I further find that during the year 1930 said Raymond L. Medford collected as taxes for licenses issued on various kinds of motor vehicles registered by him in Red River County (less the fees and commissions he was legally entitled to retain) the sum of One Thousand Seven Hundred Eighty Dollars and Ninety-Six Cents ($1,780.96) which amount belonged to Red River County. No part of the money so collected has ever been paid over to Red River County or otherwise accounted for by said Medford as required by law.

"I further find that said Medford during the year 1930 failed to remit to the proper officer of Red River County, or pay over to said County, the sum of Twenty-Two Dollars and Thirty Cents ($22.30) which belonged to said County and which came into his hands as commissions and licenses issued on motor vehicles registered by him in Red River County.

"VI.

"I further find that during the years 1928, 1929 and 1930 Raymond L. Medford deposited in the official depository of Red River County, to his credit as tax collector, the funds collected by him as taxes due Red River County and the State of Texas. Said deposits were made by said Medford and subject to payment on checks drawn and signed by him as such tax collector. All of the funds and collections so deposited by said Medford during the times above mentioned were subsequently drawn out by him on checks signed by him as tax collector; that when said Medford retired from office at the end of his last term nothing remained in said depository to his credit, as such tax collector, and said depository was not thereafter indebted in any sum to the County of Red River, or to said Medford, on account of deposits of money theretofore made by him.

"VII.

"I further find that during the year 1928, 1929 and 1930 there accrued the sum of Three Hundred Thirty-One Dollars and Sixty-Four Cents ($331.64) as lawful interest charged upon funds belonging to Red River County and deposited by said

Medford as tax collector in the official depository of said County. No part of the funds last above mentioned was ever accounted for, or paid over by said Medford to Red River County, as required by law; that the same was appropriated by said Medford to his own use and benefit.

"VIII.

"I find that said defendant Medford is now indebted to Red River County · for excess fees and commissions, and for other funds belonging to Red River County collected .by him and unlawfully retained and appropriated by him while tax collector of Red River County as follows:

| | | |
|---|---|---|
| (a) | Excess fees for the year 1928............ | $1,974.05 |
| | Overcharge fees for the year 1928........ | 380.44 |
| | Total ................................... | $2,354.49 |
| | With interest thereon at the rate of six per cent (6%) per annum from the 1st day of January, 1929. | |
| (b) | Excess fees for the year 1929............ | $1,357.12 |
| | Overcharge fees for the year 1929...... | 695.64 |
| | Total ................................... | $2,052.76 |
| | With interest thereon at the rate of six per cent (6%) per annum from the 1st day of January, 1930. | |
| (c) | Excess fees for the year 1930............ | $2,146.90 |
| | Overcharge fees for the year 1930....... | 718.92 |
| | Total ................................... | $2,865.82 |
| | With interest thereon at the rate of six per cent (6%) per annum from the 1st day of January, 1931. | |
| (d) | Amount collected on motor vehicles for 1930................................. | $1,780.96 |
| | And the further sum of................. | 22.30 |
| | Total ................................... | $1,803.26 |
| | With interest thereon at the rate of six per cent (6%) per annum from the 1st day of January, 1931. | |
| (e) | Depository interest unaccounted for the year 1930........................... | $ 331.64 |
| | Together with interest thereon at the rate of six per cent (6%) per annum from the 1st day of January, 1931. | |

"The aggregate amount of the above mentioned item without interest being Nine Thousand Four Hundred Seven Dollars and Ninety-Seven Cents ($9,407.97), and with interest the sum of Eleven Thousand Seven Hundred Forty-Two Dollars and Twenty-Three Cents ($11,742.23).

"Conclusions of Law on the Merits of the Case.

"I conclude that both defendants, Raymond L. Medford and his surety, the American Indemnity Company, are jointly and severally liable to Red River County on the bonds of defendant Medford for the amounts above stated."

At the request of the defendants below, the court filed the following additional findings of fact:

"I.

"I find that for the year 1928 the defendant, Medford, expended for deputy hire and office help the sum of Two Thousand Two Hundred Twelve Dollars and Fifteen Cents ($2,212.15). For the year 1929 he expended the sum of Three Thousand Forty-Six Dollars and Sixty Cents ($3,046.60). The above amounts are included in the deductions stated in paragraph 2 and 3 of the original findings of fact on the merits of the case. The only expenditures reported by the defendant, Medford, for office help and deputy hire for any purpose during the years 1928 and 1929 are the following:

"For 1928

| | | |
|---|---|---|
| R. L. Medford Collector............ | $2,400.00 | |
| Mrs. Doris Hunter................... | 1,285.00 | |
| J. M. Pike.......................... | 125.00 | |
| Tom Banks........................... | 200.00 | |
| Clyde Williams...................... | 537.50 | |
| W. C. Mauldin....................... | 65.00 | $4,612.50 |
| Telephone .......................... | 50.95 | |
| Postage ............................ | 227.00 | |
| Express ............................ | 11.30 | |
| P. O. Box Rent...................... | 4.00 | |
| Typewriter Repairs.................. | 17.50 | |
| Insolvent Blanks.................... | 67.00 | |
| Report Paper........................ | 6.15 | 383.90 |
| Total for 1928...................... | | $4,996.40 |

"For 1929

| | | |
|---|---|---|
| R. L. Medford....................... | $2,400.00 | |
| Mrs. Doris Hunter................... | 1,285.00 | |
| Agnes Adams......................... | 40.00 | |
| Clyde Williams...................... | 1,525.00 | |
| Mrs. M. L. Wren..................... | 36.60 | |
| Tom Banks........................... | 50.00 | |
| W. C. Mauldin....................... | 110.00 | $5,446.60 |
| Postage ............................ | 233.05 | |
| Telephone .......................... | 55.30 | |
| Advertising ........................ | 11.30 | |
| P. O. Box Rent...................... | 4.00 | |
| Typewriter Repairs.................. | 7.50 | |
| Service Car......................... | 27.20 | 358.35 |
| Total for 1929...................... | | $5,804.95 |

"II.

"No evidence was offered on the trial to show what, if any, interest Gordon & Wolfe Company owned in the subject matter of this suit. In the trial the case was presented and prosecuted by Red River County as the only party plaintiff having any interest in the controversy.

"III.

"I find that the interlineations made in the plaintiff's second amended original petition during the trial of the case made

no material change in the petition, and neither added to nor took from said suit any party plaintiff.

#### "IV.

"I find that during the year 1928 defendant, Medford, collected as commissions and fees for registering motor vehicles for the County of Red River Nine Hundred Fifty-Two Dollars and Sixty-Six Cents ($952.66), and for the State Nine Hundred Sixty-One Dollars and Seventeen Cents ($961.17).

"For the year 1929 he received and collected as fees and commissions on motor vehicles for the County Nine Hundred Sixty-Nine Dollars and Eighty-Two Cents ($969.82) and for the State Nine Hundred Ninety-Eight Dollars and One Cent ($998.01).

"For the year 1930 he received and collected as fees and commissions on motor vehicles for the County Two Thousand One Hundred Sixteen Dollars and Twenty Cents ($2,116.20) and for the State Three Hundred Six Dollars and Forty-Nine Cents ($306.49).

#### "V.

"I find that defendant, Medford, received as fees and commissions for collecting taxes as fees and commissions for collecting taxes for cities and levee districts situated in Red River County for the years 1928, 1929 and 1930 as follows:

"For the year 1928—
"Commissions for collecting for cities $ 3.22
Commissions for collecting for levee
   districts ............................. $143.45
"For the year 1929—
"Commissions for collecting for cities 2.88
Commissions for collecting for levee
   districts ............................. 110.15
"For the year 1930—
"Commissions for collecting for cities 5.16
Commissions for collecting for levee
   districts ......................... 129.33

   Total commissions for city collec-
   tions ............................. $11.26
   Total commissions for levee dis-
   trict collections.................. $382.92

#### "VI.

"All County funds deposited by defendant, Medford, to his credit as tax collector were subsequently drawn out by him on checks as tax collector, no other authority appearing."

O. Colaw, who had been appointed auditor, filed the following report, which was introduced in evidence:

"To the Honorable District Court of Red River County:

"In compliance with an order heretofore made by this Court in the above styled and numbered cause I have carefully examined the books, papers, official reports and all available matter showing the receipts and disbursements of Raymond L. Medford as tax collector of Red River County during the years 1928, 1929 and 1930 and herewith present this as my report.

"As a result of my investigation, I find funds unaccounted for and due Red River County by R. L. Medford, as tax collector, as outlined below:

| Source | Schedule | Amt. | Total |
|---|---|---|---|
| Excess Fees.year 1928..... | A | $1,974.05 | |
| Excess Fees year 1929..... | B | 1,357.12 | |
| Excess Fees year 1930..... | C | 2,146.90 | |
| Total Excess Fees..... | | | $5,478.07 |
| Overcharge Fees 1928..... | D | $ 380.44 | |
| Overcharge Fees 1929..... | E | 695.64 | |
| Overcharge Fees 1930..... | F | 718.92 | |
| Total Overcharge Fees | | | $1,795.00 |
| Motor Vehicle Collections 1930................. | G | $1,780.96 | |
| Motor Vehicle Short Remittances 1930........... | H | 22.30 | |
| Total Motor Vehicle Collections ......... | | | $1,803.26 |
| Depository Interest Unaccounted for 1930...... | J | | $ 331.64 |
| Total Unaccounted for and due Red River County as per above schedules .............. | | | $9,407.97 |

"Excess Fees:

"This item of $5,478.07 represents three-fourths (the other one-fourth being returnable to Collector) of the amount of adjusted Fees collected over and above the Salaries and Expenses allowed by law, which amount was not returned to the County.

"Overcharged Fees:

"This amount of $1,795.00 arises from the deduction from monthly reports, fees in excess of the rates prescribed by law and failure to make proper adjustment on annual reports.

"Motor Vehicle Collections and Short Remittances:

"Upon securing and examining the original certified Motor Vehicle Reports submitted to the State by the tax collector and showing thereon collections made for

both County and State, I find that net collections for the County of $1,780.96 show no evidence of having been reported, nor does an examination of the Treasurer's records show any part of this amount paid into the Treasury. In addition, short remittances amounting to $22.30 cannot be traced into Treasurer's records, although original Motor Vehicle reports show that these items were adjusted.

"Depository Interest:

"Credits of Interest to tax collector's account for period January 19, 1928, to January 5, 1931, both inclusive, total $1581.54. From this total I have deducted credit of January 18, 1928, amounting to $53.00 as it is evident this is for the year 1927 from the tax collector's records. This leaves a net interest credit for the three years of $1528.54 to be accounted for. Total interest credits reports and paid by collector amount to $975.81, leaving an unaccounted for balance of $552.73, which divided 60% County and 40% State, indicated an amount of $331.-64 due County.

"Conclusion:

"I find that after allowing and deducting all credits to which said Raymond L. Medford is or was entitled to he is now indebted to Red River County, Texas, in the total sum of Nine Thousand Four Hundred Seven and 97-100 ($9,407.97) Dollars distributed as follows:

For the year 1928.............. $2,343.22
For the year 1929.............. 2,101.28
For the year 1930.............. 4,963.47
                              _____
  Total .................... $9,407.97

"Respectfully submitted this the 12th day of May, 1934.

"[Signed] O. Colaw, Accountant and Auditor."

We do not find in the record that the facts stated in the court's findings, or those stated in the auditor's report, are challenged in this appeal.

The defenses presented, briefly stated, are in substance as follows:

(1) Limitation; (2) payment by Medford of the amount collected as taxes into the depository of Red River county relieved the surety on his bonds from liability for Medford's failure to pay over to the treasurer that portion of the money so collected which belonged to the county; (3) that the commissions received by the collector from motor vehicle taxes collected were not such fees as he was required by law to account for; that such fees were to be used exclusively for the payment of deputy hire and office help; (4) the trial court had no right to take the case from the jury.

The basis of the plea of limitation is that in the original petition it is stated that one-half of the subject-matter of the suit had been assigned to Gordon & Wolf Company, and that the suit was being prosecuted by the state of Texas under article 1991 for the joint use of Red River county and Gordon & Wolf Company on the official bonds for an accounting. In the amended petition and the interlined trial amendment filed in the district court of Red River county on January 17, 1934, and the interlined trial amendments filed on June 4, 1934, Gordon & Wolf Company are omitted, and it is alleged that Red River county is the exclusive owner of the subject-matter of the suit set up therein, which amendments it is claimed include items not fees earned and fees for services rendered by Medford in collecting taxes for cities and levee districts not previously declared on. It is submitted that the court erred in overruling defendant's exceptions and pleas of limitation urged against the amendments and holding that none of the after-alleged items was barred by limitation.

It is contended that the amendment was the beginning of a new suit. A comparison of the original with the amended original petition shows that the only practical difference is the omission of Gordon & Wolf Company as parties plaintiff. The cause of action set up in the amendment is against the same defendants, upon the same official bonds, and seeking a judgment for the same items of default, and practically for the same amount of money.

The principal purpose of amending a petition is to allege facts other or different from those theretofore alleged, and which, without such amendment, would not have been admissible in evidence. The question is not, have different facts from those in the original petition been alleged in the amendments? but do the facts alleged in the amendment constitute a different cause of action from that originally alleged?

We think the following cases settle the question against appellant's con-

tention: Eckel v. Camden Fire Ins. Ass'n (Tex. Civ. App.) 5 S.W.(2d) 849, and the same case on appeal (Tex. Com. App.) 14 S.W.(2d) 1020, and cases there referred to; Baker v. Gulf, C. & S. F. Ry. Co. (Tex. Civ. App.) 184 S. W. 257; Thompson v. Swearengin, 48 Tex. 555, 560; Kinney v. Lee, 10 Tex. 155; Killebrew v. Stockdale, 51 Tex. 529, 532; Kauffman v. Wooters, 79 Tex. 205, 214, 13 S. W. 549, in which it is held that a petition bad on general demurrer is sufficient to interrupt the statute of limitations. In Bitter v. Bexar County (Tex. Com. App.) 11 S.W.(2d) 163, and Hoke v. Simonton (Tex. Civ. App.) 46 S.W.(2d) 1013, it is held that a suit on a tax collector's bond is governed by the four years' statute of limitation.

▐ It is also well settled that a suit brought in the name of a nominal plaintiff for the benefit of another, the substitution of the real plaintiff, by amendment, is not the beginning of a new suit. Martel v. Somers, 26 Tex. 551; Price v. Wiley, 19 Tex. 142, 70 Am. Dec. 323; 28 Tex. Juris. p. 205, § 111; Roberson v. McIlhenny, 59 Tex. 615.

The record shows that the original petition filed in December, 1932, included the year 1927, and in the last amendment that year was omitted. The record shows that the defalcations occurred during the years 1928, 1929, and 1930 less than four years next before the filing of the original petition.

▐ In his sixth assignment to the effect that the trial court permitted plaintiff, after the auditor filed his report on June 4, 1934, to interline in its second amendment and substitute the words "and or" for the word "and," and to add the words "levees and cities," and erred in overruling defendant's exceptions thereto because it appeared that such items were barred by limitation of two and four years, and erred in including in the judgment the items pointed out, viz.: $3,881.06 retained by Medford from motor vehicle collections in 1928 and 1929, applied to the payment of office help and deputy hire; $1,795 admitted not to be fees of office earned and collected by Medford; $382.92 levee tax; $116.12, "due other parties"; $22.30 short remittances; and $331.66 interest depository funds, none of which were included in the second amendment at the time the case went to trial, and not issues in the case.

The assignment is probably duplicitous, as suggested by plaintiffs, but we think to consider it.

We think that each of paragraphs 6, 7, and 8 affected by the amendment reference is necessarily made to the exhibits attached to the petition and made a part of it in which are given in detail the names of the subdivisions of the county for which Medford collected taxes and from which he received commissions. We need not specifically point out these items in these exhibits; but we understand that the amount of commissions specified in these items was originally included in the amount for which judgment was asked. There seems to be no legal merit in the assignment.

▐ We next consider whether the payment by Medford of the money collected by him as collector of taxes into the depository of Red River county relieved his surety from liability for Medford's failure to pay over to the county treasurer that portion of the money so collected that belonged to the county.

We think the cases of Miller v. State (Tex. Civ. App.) 53 S.W.(2d) 792, Miller v. Foard County (Tex. Civ. App.) 59 S.W.(2d) 277, decide the question adversely to defendant's contention. In the first of the two cases a writ of error was refused. In that case, Miller defended on the ground that he discharged his obligation to the state by depositing all the money collected by him with the official depository of Ford county. In that case, Judge Hall of the Amarillo court discussed the question fully, and held that such deposit did not relieve from liability the collector or his surety.

▐ Defendants submit that the trial court having found that deputy hire and office help in each of the years 1928 and 1929 exceeded commissions received from motor vehicle taxes, the court erred in his conclusions of law that such commissions received were deemed in law fees accountable by the tax collector, and in rendering judgment for such amounts against the defendants.

Defendants rely for their position upon article 6692 of our statute.

The record shows that for 1928 Medford received as commission for issuing automobile licenses $1,913.83, and for 1929 he received $1,967.83; that for the year

353

1928 he reported and was allowed deductions for deputy hire $2,212.50, and for 1929 he reported and was allowed for deputy hire $3,046.60. Article 6692 provides that tax collectors shall receive for such services a 2 per cent. commission on all amounts so collected, and that such compensation shall be exclusively used to pay salaries of deputies in accordance with law, and any fees so collected remaining after paying such salaries shall be accounted for as fees of office.

It seems to us that it is the purpose of the law to allow the collector to reimburse himself only once for the expenses of making such collections. He was allowed the amounts he paid out for such expenses, and to now allow him to retain what he now claims to be due him under the above-stated statute would be a double allowance for the same service. The point is not sustained.

█ The court withdrew the case from the jury, and the question is presented whether there was a controverted issue of fact which the court should have submitted to the jury.

We have not found in the record any attack made upon the correctness of the amounts stated in auditor's report. Medford testified that all of the taxes collected by him in the years of 1928, 1929, and 1930, of every kind was deposited in the county depository; that he drew his checks on the depository bank each to pay his office help, and made the monthly reports that the law required; that he distributed all of the tax, as he understood, as the law required; that he checked on the account in the depository whenever he got ready; that he did not make any settlement with county treasurer, just gave a check for what money was due him; that he did everything by check; that he gave the treasurer a check as tax collector for the money that he thought was due the county; when he wanted money to pay operating office expenses he checked it out as tax collector; that was the way it was in the bank; all the funds that he collected went into that account; the only way he would take out money for any purpose was by check; fees and everything else went into the depository.

"Question: Now, when you went out of office you drew out all the money you thought you were entitled to as tax collector, did you?

"Answer: Yes, sir. I always did that each month."

"Question: Now, you gave the County Treasurer a check for all the balance?

"Answer: Yes, for all the money due him."

"Question: You then say you turned over to the different funds of the County all that was due them?

"Answer: Yes, sir."

Defendants stress the statement of Medford that he gave the county treasurer his check for all the money due the county, as evidence tending to contradict the findings of the auditor, and entitling him to have the issue presented to the jury.

As suggested by plaintiffs, to arrive at a correct conclusion as to whether or not Medford had paid to the county treasurer all that was due the county would require the examination of numerous reports and records about which Medford admitted he had no distinct recollection. He was unable to testify as to any definite sums he had paid over to the treasurer; admitted he did not have in his possession any record or statement showing how much he had paid to the treasurer; testified that his monthly reports were correct, so far as he knew. The reports were put in evidence and furnished the data, the substance of which was incorporated in the auditor's report. The report shows that it was based upon Medford's monthly report.

An examination of the objections made to the auditor's report does not show that the report was challenged or excepted to before the report was put in evidence. The objections made were to specific items only, and that the items were not embraced in the pleadings; no charge that they were incorrect or untrue.

█ It seems to be the settled law in this state that the auditor's report is conclusive of facts not excepted to prior to its introduction in evidence, and is prima facie evidence as to facts excepted to as incorrect or untrue. Whitehead v. Perie, 15 Tex. 7; Eagle Mfg. Co. v. Hanaway, 90 Tex. 581, 40 S. W. 13; Harper v. Marion County, 33 Tex. Civ. App. 653, 77 S. W. 1044; Moore v. Waco Bldg. Association, 19 Tex. Civ. App. 68, 45 S. W. 974; Gunst v. Dallas Trust & Savings Bank (Tex. Civ. App.) 8 S.W.(2d) 806.

Where the items in the report were not denied by any testimony or evidence, the court could consider them established. The court had before him the auditor's report and Medford's official monthly reports for the years 1928, 1929, and 1930, and Medford testified that those reports were correct, so far as he knew.

We have found no issue of fact that would take the case to the jury.

Finding no reversible error, the case is affirmed.