## STAPPER v. VAN VALKENBURGH & VOGEL et al.

### No. 5019.

Court of Civil Appeals of Texas. Amarillo.

April 24, 1939.

Rehearing Denied May 22, 1939.

Cedric G. Hamlin, of Dallas, for appellant.

Julius H. Runge and Runge & Lane, all of Dallas, for appellees.

JACKSON, Chief Justice.

The appellant, Vic Stapper, instituted this suit in the District Court of Dallas County against the appellees, Van Valkenburgh & Vogel, a copartnership, composed of R. W. Van Valkenburgh and his wife, Nellie E. Van Valkenburgh, John C. Van Valkenburgh and Werner F. Vogel. He also sued each of the appellees individually.

The appellant alleges that appellees employed him for one year and agreed to pay him $100 per month and in addition thereto 20% of the net profits of the business for said year; that he rendered the services required of him according to the contract; appellees paid him $100 per month for twelve months and one week, but failed and refused to pay him 20% of the net profits earned in the business during that period.

The appellant predicated his cause of action on the propositions, which were accepted, contained in the following instrument:

"Van Valkenburgh & Vogel
"Landscape Architects
"Design—Construction—Service
"Telephone 58-1975
Dallas, Texas 11/14/35

"Dear Vic:

"I have been away about a week and found your letter of the 7th addressed to John on my return.

"There is work here for you to do, that I think will be profitable. I frankly do not know how much you can make, but it looks to me as though you can get out of it at least as much as you have been making. And I have in mind a percentage of the net profit. There are four of us interested, John, Vogel, Mrs. Van and myself, you would be the fifth and we could start off on the basis of $100.00 per month and 20% of the net profit the first year. I think, and John and Vogel believe, you can add something to the business. If

you can we are willing to pay you liberally. Of course the business is small and may not be a big success. At present it is well financed, and if the business is susceptible of profitable promotion, John, Vogel and you should be able to get out of it all you are willing to put in. You know more about what can be accomplished in such a business than I do. If I were you I think the opportunity would appeal to me if I had confidence in the future of landscaping.

"Yours very sincerely,

"R. W. Van Valkenburgh."

The appellees answered by general denial, specially denied there were any net profits made during the time appellant was employed by them and pleaded a cross-action for damages in the sum of $1,000.

Prior to the trial the parties to the suit agreed that the court should appoint an auditor and on August 20, 1937, pursuant to such agreement, the court appointed P. C. Fewell as auditor and directed that he proceed to make an audit of the books and other records of appellees for the period running from December 3, 1935, to December 10, 1936, and ascertain what, if any, net profits were earned by appellees during said period, to report his findings to the court under oath, and that such findings should be subject to any and all exceptions which the parties desired to make thereto and permitted by the court.

Mr. Fewell, pursuant to the order of the court appointing him, made and filed his report with the court on October 8, 1937. This report shows that the sales of the firm for the period involved amounted to $32,631.83; that the cost of sales was $20,647.42; that the gross profits was the sum of $11,984.41; that the miscellaneous operating expenses, interest on notes, workmen's compensation deposits, refunds, bank debits, depreciation and loss on accounts was the total sum of $4,507.06, and that the profits before deducting the amounts, if any, to which J. C., R. W. and N. E. Van Valkenburgh, W. F. Vogel and Vic Stapper were entitled for services amounted to $7,477.35; that Vic Stapper, from December 3, 1935, to December 10, 1936, at a salary of $100 per month, was entitled to receive $1,230.80; that during that period J. C. Van Valkenburgh and W. F. Vogel jointly used the sum of $2,529 for expenses; that W. R. Van Valkenburgh and his wife, Nellie E. Van Valkenburgh, withdrew nothing from the business for compensation but that Mr. W. R. Van Valkenburgh was credited with $1,692.52; that he had not deducted from the $7,477.35 profits the sum received by appellant, $1,230, plus $82.85, nor the amounts withdrawn by the appellees for the reason that the items to be deducted should be determined after the interpretation of the contract by the court.

The appellees filed exceptions to the auditor's report but appellant's motion to strike such exceptions was sustained by the court and the appellant then withdrew his exceptions to said report and the court "announced that none of the various items in said report could therefore be inquired into during the trial of this case."

A jury was waived and all matters of law and fact were submitted to the court and he adopted the auditor's report showing the business earned a profit of $7,477.35, if no deductions were made for salaries and none for return on capital invested; that the agreement sued on was ambiguous and that under the court's construction thereof the active copartners, R. W. and John Van Valkenburgh and Werner Vogel, should each be allowed a salary in the sum of $100 per month, or $1,230.80 for the time involved; that the partnership should be allowed a return of $400 on capital invested; and that such items, together with the $1,313.65 received by appellant, aggregated the sum of $5,406.05; that deducting these items from the profit left the sum of $2,071.30 as net profits; that appellant was entitled to recover 20%, or $414.26, with interest upon such amount from December 10, 1936, a total of $443.59, with 6% interest until paid and all costs. The appellees were denied any recovery on their cross-action.

In our opinion, the court committed error in holding that the contract of employment was ambiguous on account of the use therein of the words, "20% of the net profits" and in admitting the testimony of R. W. Van Valkenburgh, over the objection of appellant, as to what the witness had in his mind when he wrote the letter on which the suit is predicated. Certainly some undisclosed ex parte intention in the mind of the appellees could not bind the appellant. In our opinion, the words "net profits" in the contract under consideration were used in their usual and ordinary sense. "In a contract of service whereby the plaintiff was to receive, in lieu of a salary, 'five per cent. of the net profits' of the business, 'net profits' means

the money received from the sale of goods after deducting their cost and expenses." 5 Words and Phrases, First Series, page 4781; Wallace v. Beebe, 94 Mass. 354, 12 Allen 354. To the same effect is the holding in McCulsky v. Klosterman, 20 Or. 108, 25 P. 366, 10 L.R.A. 785; Gorse v. Lynch, 36 Misc. 150, 72 N.Y.S. 1054; Stokes v. Walker, 21 Ga.App. 630, 94 S.E. 841. See, also, 2 Words and Phrases, Fourth Series, page 787.

In Dealers' Granite Corporation v. Faubion, Tex.Civ.App., 18 S.W.2d 737, 739, it is said: "What constitutes the net profits of a corporation has been variously defined in numerous jurisdictions. See 14 C.J. 803; 45 C.J. 1386; 7 R.C.L. § 261, p. 284; 3 Words and Phrases, Second Series, 592; 3 Bouv.Law Dict. [Rawle's Third Revision], p. 2737; Cook on Corporations (6th Ed.) vol. 2, p. 1479; Thompson on Corporations (3d Ed.) vol. 7, p. 169 et seq. In the very nature of things the many and varied kinds of enterprizes which corporations are authorized by law to engage in make it impossible to measure 'net profits' of all of them by any one rule. The diverse character of their operation, and the differing circumstances under which the questions are raised, give rise to a variety of definitions of this term. No good purpose would be served by a discussion here of the numerous definitions. *It is, to a large degree, self-explanatory and implies, generally speaking, what remains in the conduct of a business after deducting from its total receipts all the expenses incurred in carrying on the business.* [Italics ours] Eyster v. Centennial Board, 94 U.S. 500, 24 L.Ed. 188; Mobile & O. Ry. Co. v. Tennessee, 153 U.S. [486], 495, 14 S.Ct. 968, 38 L.Ed. [793], 797. To such expenses may be charged taxes, upkeep, depreciation, and interest on the corporation's debts, but not interest on its capital."

■ All exceptions to the auditor's report were eliminated before or at the trial and it was accepted and approved by the court. It is the settled law that such a report is conclusive as to items not excepted to. Boggs v. State, 46 Tex. 10; Harper v. Marion County, 33 Tex.Civ.App. 653, 77 S.W. 1044.

In Dupuy v. Dawson, Tex.Civ.App., 147 S.W. 698, 701, it is said: "Where the report of an auditor is not in any way excepted to, its correctness cannot be assailed by other testimony on the trial, and the fact that in this case other testimony was introduced which tended to assail its correctness was, we think, without warrant of law and could not form the basis of a verdict or judgment."

■ If the report was incomplete the appellees could have had the matter recommitted for further consideration.

In 53 C.J. 775, para. 218, the author says: "A motion to recommit is the proper remedy where the report is incomplete, objection being based upon omissions, such as a failure to find, or where the referee fails to report with sufficient fullness, or fails to report the evidence, or a portion of the evidence."

■ Under the record the court erred in allowing R. W. Van Valkenburgh $100 per month since he testified that he went to work for Van Valkenburgh & Vogel in January, 1935; that the $1,692.52 shown in the auditor's report "was the amount that I charged for my services for those first two years"; that he left said amount in the business and when it was incorporated he received stock for such sum and this was all the pay he received for his work in 1935 and 1936. The amount for 1936 was $846.26, or about $70 per month, which he accepted. He also testified that J. C. Van Valkenburgh and Mr. Vogel each devoted his entire time to the business, did not receive a stated salary but, as in previous years, when they needed a little money they drew it out of the business.

In 1936 the auditor's report discloses that J. C. Van Valkenburgh and Vogel together withdrew for expenses $2,529.47 and the court allowed each of them $1,230.80, the same amount paid to appellant. R. W. Van Valkenburgh was entitled to a salary of $846.26, plus $16.27 for the extra week. Deducting the amount of these salaries of $4,554.93 from the profits as found by the auditor, $7,477.35, leaves $2,922.42, twenty per cent of which is $584.48, and this amount less the $82.85, the sum that appellant had drawn in addition to his salary, leaves $501.63, the amount which appellant was entitled to recover with six per cent interest thereon from December 10, 1936, until paid.

The court correctly denied appellees a recovery on their cross action.

The judgment is reformed, decreeing to appellant a recovery of $501.63, with interest, and as reformed is affirmed.